837 So.2d 1147 (2003)
David HUFFMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5089.
District Court of Appeal of Florida, Second District.
February 21, 2003.
*1148 COVINGTON, Judge.
In 1986, David Huffman was convicted of sexual battery with a deadly weapon and armed burglary.[1] He was sentenced to life in prison. Pursuant to Florida Rule of Criminal Procedure 3.853, Huffman filed a motion for postconviction relief requesting DNA testing. He is appealing the trial court's denial of that motion. Because there is a "reasonable probability" that Huffman would have been acquitted had the DNA evidence demonstrated that the contents of the victim's rape kit did not match his DNA, we reverse and remand for further proceedings. See Knighten v. State, 829 So.2d 249, 252 (Fla. 2d DCA 2002).
The victim was attacked during the early morning hours of July 21, 1985, while sleeping in her bedroom. When the victim awoke, the assailant was sitting on top of her. The victim testified that she was unable to see the assailant's face because he covered her eyes. The victim was then threatened with a knife and raped. Throughout the assault, the victim's face was covered with a pillowcase. After the assailant left, the victim contacted the police. Rape kit evidence was collected at the hospital.
In his motion, Huffman alleged that DNA testing on the contents of the rape kit would exonerate him. He stated that the last known location of the evidence was the Florida Department of Law Enforcement in Tampa or the Sarasota County Police Department.
In its response to Huffman's motion, the State failed to indicate whether the rape kit evidence was still available for testing. The trial court never made any findings with regard to this issue. Rule 3.853(c)(5) provides:

*1149 (5) The court shall make the following findings when ruling on the motion:
(A) Whether it has been shown that physical evidence that may contain DNA still exists.
(B) Whether the results of DNA testing of that physical evidence likely would be admissible at trial and whether there exists reliable proof to establish that the evidence containing the tested DNA is authentic and would be admissible at a future hearing.
(C) Whether there is reasonable probability that the movant would have been acquitted or would have received a lesser sentence if the DNA evidence had been admitted at trial.
The trial court acknowledged that the State failed to allege whether the evidence sought to be tested was still available for testing. However, the trial court did not address this issue because it concluded that "based upon the other evidence that was introduced at the Defendant's trial, the Defendant cannot show that there is a reasonable probability that he would be acquitted if the DNA evidence had been admitted at trial."
There was significant circumstantial evidence of Huffman's guilt presented at trial, including: (1) a fingerprint that matched Huffman's fingerprints; (2) phone calls traced to Huffman's house that were made to the victim's house after the attack; and (3) the victim's in-court identification of Huffman's voice as the voice of her assailant. However, identity remained an issue at trial. This court has noted that "the fact that the victim identified [the defendant] as her assailant at trial does not mean that identity was not genuinely disputed at trial for purposes of postconviction DNA testing." Zollman v. State, 820 So.2d 1059, 1062 (Fla. 2d DCA 2002).
"Cases addressing this issue have uniformly held that DNA testing will not be permitted if the requested DNA testing would shed no light on the defendant's guilt or innocence." Id. at 1063. Here, as in Zollman, DNA testing of the evidence in this case would show whether Huffman was the perpetrator of the sexual battery. Id. There is a "reasonable probability" that Huffman would have been acquitted had the DNA evidence demonstrated that the contents of the rape kit were inconsistent with his DNA. See Knighten, 829 So.2d at 252. Therefore, we reverse and remand for further proceedings consistent with this opinion and the requirements of rule 3.853.
Reversed and remanded.
FULMER and DAVIS, JJ., Concur.
NOTES
[1] In Huffman v. Singletary, 696 So.2d 788 (Fla. 2d DCA 1997), this court prohibited Huffman from challenging his 1986 convictions in this court either by appeal or original proceeding. The motion under review in this proceeding was filed pursuant to Florida Rule of Criminal Procedure 3.853, which creates an avenue to pursue postconviction relief based upon allegations that DNA evidence will exonerate the claimant. This rule was adopted October 18, 2001, after the date that this court restricted Huffman's access to this court to challenge his 1986 convictions. We believe that strict adherence to Huffman under these circumstances is unwarranted, and we except from the holding in Huffman those challenges to Huffman's convictions premised upon rule 3.853. We will continue to abide by Huffman insofar as Huffman may attempt to invoke this court's jurisdiction to attack his 1986 convictions by appeal or original proceeding raised pursuant to other postconviction remedies.