855 So.2d 97 (2003)
Richard J. MANUAL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-535.
District Court of Appeal of Florida, Second District.
June 13, 2003.
WHATLEY, Judge.
Richard J. Manual appeals the trial court's order summarily denying his motion for postconviction DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853 and section 925.11, Florida Statutes (2001). In 1987, Manual was convicted of sexual battery (count one), armed burglary (count two), armed robbery (count three), and grand theft second degree (count four). He was sentenced to forty years on count one, ninety-nine years *98 on count two, thirty years on count three, and five years on count four. All counts were to run consecutively. Because there is a "reasonable probability" that Manual would have been acquitted had the DNA evidence demonstrated that the semen found on the victim did not match his DNA, we reverse and remand for further proceedings. See Huffman v. State, 837 So.2d 1147 (Fla. 2d DCA 2003); Knighten v. State, 829 So.2d 249, 252 (Fla. 2d DCA 2002).
In order for a motion filed pursuant to rule 3.853 be considered facially sufficient, it must include the following information:
(1) a statement of the facts relied on in support of the motion, including a description of the physical evidence containing DNA to be tested and, if known, the present location or last known location of the evidence and how it originally was obtained;
(2) a statement that the evidence was not tested previously for DNA, or a statement that the results of previous DNA testing were inconclusive and that subsequent scientific developments in DNA testing techniques likely would produce a definitive result;
(3) a statement that the movant is innocent and how the DNA testing requested by the motion will exonerate the movant of the crime for which the movant was sentenced, or a statement how the DNA testing will mitigate the sentence received by the movant for that crime;
(4) a statement that identification of the movant is a genuinely disputed issue in the case and why it is an issue or an explanation of how the DNA evidence would either exonerate the defendant or mitigate the sentence that the movant received;
(5) a statement of any other facts relevant to the motion; and
(6) a certificate that a copy of the motion has been served on the prosecuting authority.
Fla. R.Crim. P. 3.853(b)(1)-(6).
In his motion, Manual alleged that the victim was attacked on September 16, 1986. After calling the police, she was taken to a rape crisis center where she was examined. The evidence that Manual wishes to be tested is a green washcloth. The rapist made the victim wash herself with this washcloth after the attack, and it contains semen from the rapist.
The trial court denied Manual's motion as insufficient because he did not allege that he was innocent of the crimes charged. However, in his motion, under the heading "Statement of Innocence," Manual alleged that he was at a birthday party at the time of the crime.
The trial court also concluded that, because the victim identified Manual as her assailant, "the identity of the Defendant was not a genuinely disputed issue at trial." The trial court's reasoning is erroneous. Rule 3.853(c)(2) states that upon receipt of the motion, the trial court "shall review the motion and deny it if it is insufficient." If the motion is sufficient, the State shall be ordered to respond. Rule 3.853(c)(3) states that the trial court "shall review the response and enter an order on the merits of the motion or set the motion for hearing." The fact that a movant was identified by the victim at trial does not mean that identification is not a disputed issue. Judge Parker, in a thorough review of what constitutes a sufficient allegation that identity was a genuinely disputed issue at trial, noting the paucity of Florida case law on this issue, *99 stated: "Cases from other states with a similar postconviction rule, however, make it clear that identity is a `genuinely disputed' issue when the only significant evidence connecting the defendant to the crime is the victim's identification of the defendant." Zollman v. State, 820 So.2d 1059, 1062 (Fla. 2d DCA 2002). In Zollman, the trial court found Zollman's claim was facially insufficient "because the victim identified Zollman as her assailant and because of the existence of the partial fingerprint, DNA testing of the other evidence, if it still existed, would not exonerate Zollman." Id. at 1061. The Zollman court reversed and remanded with instructions to the trial court to order the State to respond to Zollman's motion. It appears that the trial court here, as in Zollman, was addressing the merits of the motion without first obtaining a response from the State, rather than merely determining whether the allegations in the motion are facially sufficient.
"Cases addressing this issue have uniformly held that DNA testing will not be permitted if the requested DNA testing would shed no light on the defendant's guilt or innocence." Id. at 1063. Here, as in Zollman, Manual alleges that DNA testing of the evidence in this case would show whether he was the perpetrator of the sexual battery. It appears from the record that the only other evidence of Manual's guilt was a serology test on the green washcloth. This test indicated that the sample on the washcloth could have come from Manual or 37% of the general population. There is, therefore, a reasonable probability that Manual would have been acquitted had the DNA evidence demonstrated that the semen found on the washcloth was inconsistent with his DNA. See Huffman, 837 So.2d at 1149. Therefore, we reverse and remand for further proceedings consistent with this opinion and the requirements of rule 3.853.
Reversed and remanded.
SALCINES and DAVIS, JJ., Concur.