851 So.2d 811 (2003)
Lukely RILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2802.
District Court of Appeal of Florida, Second District.
July 30, 2003.
SILBERMAN, Judge.
Lukely Riley appeals the denial of his motion for postconviction DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853. Because Riley's motion adequately alleged a basis for DNA testing of certain items, and the limited record before us does not support the summary denial of the motion, we reverse.
In 1976, Riley was convicted of two counts of first-degree murder. During the trial, the State allegedly introduced into evidence several items found at the victims' apartment, which was the scene of the crime, and at Riley's apartment. In *812 his rule 3.853 motion, Riley sought DNA testing of blood on the items, claiming that the testing will prove his innocence. In its response, the State claimed that the DNA evidence would not be admissible at trial, that DNA results would likely be unobtainable or contaminated due to the method of storage and natural degrading of the DNA evidence, and that the test results would not exonerate Riley. The trial court denied Riley's claim and stated that DNA testing would not exonerate Riley and that there was an abundance of other evidence against Riley. The other evidence apparently included several eyewitness accounts observing Riley as being in possession of the murder weapon prior to the murders.
In order to state a facially sufficient claim for DNA testing, a defendant's motion must include "a statement that identification of the movant is a genuinely disputed issue in the case and why it is an issue or an explanation of how the DNA evidence would either exonerate the defendant or mitigate the sentence that the movant received." Fla. R.Crim. P. 3.853(b)(4). As to identity, Riley alleged significant problems with the eyewitness testimony. For example, he claimed that one witness observed him in his cell before picking him out of a line-up, suggesting that the identification was tainted, and he alleged that another eyewitness gave inconsistent descriptions of the perpetrator. Additionally, the corroborating evidence against Riley seems to be the items that he sought to have tested. Therefore, Riley's motion sufficiently alleged that identity is a genuinely disputed issue. See Zollman v. State, 820 So.2d 1059, 1062 (Fla. 2d DCA 2002).
Concerning exoneration, Riley alleged that a bloodstained tank-top shirt was found at his apartment and introduced at trial. He claimed that the State suggested during the trial that the shirt contained blood from the victims. He also asserted that blood samples from both victims are available for testing. Thus, the essence of his claim was that if DNA testing shows that the blood on the shirt does not belong to the victims, then the shirt would not be a piece of evidence linking him to the crime. Riley also sought testing of blood found on several items at the victims' apartment. If DNA testing established that the blood does not belong to either victim or to Riley, the blood would be evidence suggesting that a third party was involved in the crime.
If DNA testing confirms Riley's allegations, the results would create a reasonable probability that Riley would be acquitted because the only remaining evidence against him would be the eyewitness testimony. That testimony may not have been sufficient to convict Riley if DNA testing eliminated portions of the evidence against Riley and suggested that a third party was involved, especially in light of the alleged inconsistencies in the eyewitness testimony. Accordingly, we conclude that Riley sufficiently alleged that he would be exonerated by the DNA testing. See Knighten v. State, 829 So.2d 249, 252 (Fla. 2d DCA 2002).
The State argued that it did not claim at trial that the shirt contained the blood of the victims, but instead, the blood could have come from any person with type A blood. The State also contended that there was ample incriminating evidence including the testimony of witnesses who observed Riley with the murder weapon and who saw Riley break into the wrong apartment with the weapon. Because our record does not include the trial transcript and there was no evidentiary hearing on Riley's motion, we are unable to determine how the shirt was used at trial and whether the State's position concerning the shirt *813 is correct. Although the trial testimony of the witnesses may serve to fully or partially refute Riley's claims, because of the limited record before us our review is based on the factual allegations contained in Riley's motion and the arguments presented by Riley and the State. Neither the trial court nor this court can address the factual discrepancies that exist between Riley's allegations and the State's response without considering the trial transcript or without the trial court conducting an evidentiary hearing.
Therefore, we reverse and remand for further proceedings. On remand, if the trial court determines that the trial transcript or other record documents conclusively demonstrate that identity is not an issue or that Riley would not be exonerated by DNA testing, the documents must be included in the record for appellate review. If the record does not refute Riley's claim, then the trial court must conduct an evidentiary hearing to consider the merits of the claim and whether the evidence is in testable form.[1]See King v. State, 808 So.2d 1237, 1240-41 (Fla.2002) (affirming the dismissal of a rule 3.853 motion when the trial court conducted a hearing at which custodial witnesses testified that the evidence to be tested no longer existed).
Reversed and remanded.
FULMER and DAVIS, JJ., Concur.
NOTES
[1] In the order denying relief, the trial court did not address the State's arguments that it is highly unlikely any DNA test results could be obtained and that the test results would not be admissible.