852 So.2d 945 (2003)
Roy J. MARSH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1589.
District Court of Appeal of Florida, Second District.
August 27, 2003.
COVINGTON, Judge.
Roy J. Marsh challenges the summary denial of his motion for postconviction DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853. We reverse and remand for further proceedings.
In 1987, a jury found Marsh guilty of sexual battery, engaging a child in sexual activity, and incest. In his motion, Marsh sought DNA testing of all the physical evidence that was gathered during the investigation of this case. The trial court concluded that the motion was facially sufficient and ordered the State to respond to Marsh's motion pursuant to Florida Rule of Criminal Procedure 3.853(c)(2). The State responded by pointing out that, according to the investigating law enforcement *946 agency, it did not have custody of any evidence in the case. The State further claimed that it "has ascertained that no physical evidence suitable for DNA testing was submitted at trial." As proof of this, the State attached the individual evidence listing for these cases. Based on this response, the trial court denied Marsh's motion without an evidentiary hearing finding that no physical evidence containing DNA existed.
Where a defendant claims that DNA evidence exists, but the State denies the claim, a factual dispute results and an evidentiary hearing is required. Borland v. State, 848 So.2d 1288 (Fla. 2d DCA 2003). Because in this case the State's response created a factual dispute, the trial court should have conducted a hearing. Accordingly, we reverse and remand for the trial court to conduct a hearing on Marsh's motion.
Reversed and remanded.
WHATLEY and CANADY, JJ., Concur.