861 So.2d 1244 (2003)
Leo Robert SCHOFIELD, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2406.
District Court of Appeal of Florida, Second District.
December 12, 2003.
*1245 WHATLEY, Judge.
Leo Robert Schofield appeals the summary denial of his motion for postconviction DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853. We reverse and remand for further proceedings.
In 1988 Schofield was convicted of first-degree murder and sentenced to life in prison for the murder of his wife, Michelle. He filed a rule 3.853 motion seeking DNA testing of fingernail scrapings taken from his wife's body as well as hair found on her body and in her car. He alleged that the evidence was collected after the murder and that DNA testing has not been conducted on the evidence. Maintaining his innocence, he claimed that identity was a genuinely disputed issue at trial and that DNA testing of the evidence would exonerate him.
The trial court, finding that Schofield's motion was facially sufficient, ordered the State to show cause why an evidentiary hearing should not be granted. The State responded that DNA testing of the fingernail scrapings and hair would not exonerate Schofield and that DNA testing of the fingernail scrapings would be inconclusive due to the nature of the evidence. The trial court agreed with the State's response and incorporated it by reference in its denial of Schofield's motion.
We believe that Schofield alleged a facially sufficient motion for DNA testing under rule 3.853(b). Specifically, Schofield sufficiently alleged that he would be exonerated by DNA testing of evidence as required by rule 3.853(b)(3). In his motion, Schofield alleged that he was convicted based on circumstantial evidence alone. He further claimed that defensive wounds on Michelle's body indicated that she had been involved in a physical struggle. Schofield argued that DNA testing of the hair and fingernail scrapings would show that a different person was in Michelle's car and involved in the struggle with her. If DNA testing confirms Schofield's allegations, the results would create a reasonable probability that Schofield would be acquitted because reasonable doubt would exist that Schofield committed the murder. See Riley v. State, 851 So.2d 811, 812 (Fla. 2d DCA 2003); Knighten v. State, 829 So.2d 249, 252 (Fla. 2d DCA 2002).
The trial court relied on the State's assertion that DNA testing would not exonerate Schofield, but it failed to attach any portions of the trial record or conduct an evidentiary hearing to determine this issue. Therefore, this court can rely only on *1246 the allegations made by Schofield and the State. See Riley, 851 So.2d at 812-13. Neither this court nor the trial court can consider the discrepancies between Schofield's and the State's allegations without considering the trial transcript or conducting an evidentiary hearing. See id. at 813. Accordingly, we reverse and remand for further proceedings. On remand, if the trial court determines that the trial transcript or other record documents conclusively demonstrate that identity is not an issue or that Schofield would not be exonerated, the documents must be included in the record for appellate review. See id. at 813. If the record does not refute Schofield's claim, the trial court must conduct an evidentiary hearing. See id. at 813.
We also note that the trial court erred in relying on the State's bare assertion that DNA testing of the evidence would be inconclusive. The State is not qualified to make such a factual determination. In addition, rule 3.853 is silent as to whether a claim for DNA testing may be denied if DNA testing of the evidence would be inconclusive. Rule 3.853 does not require a movant to allege that previously untested evidence would be conclusive, and it does not provide conclusiveness as a factor to be considered in determining whether a movant is entitled to DNA testing. Therefore, we conclude that the trial court should not have denied the motion on such a basis.
Reversed and remanded.
COVINGTON and VILLANTI, JJ., Concur.