869 So.2d 723 (2004)
Demestrist COLLINS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 4D02-1755, 4D03-1927.
District Court of Appeal of Florida, Fourth District.
April 7, 2004.
Carey Haughwout, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
This is a consolidated appeal in which appellant challenges his judgment of conviction and sentence as well as the summary denial of his post-conviction motion for DNA testing. We affirm appellant's conviction and sentence. We reverse and remand the summary denial of appellant's post-conviction motion for DNA testing and direct the trial court to conduct an evidentiary hearing and make findings in *724 conformity with the requirements of rule 3.853(c)(5), Florida Rules of Criminal Procedure.
After his conviction and sentence appellant filed a motion for DNA testing pursuant to rule 3.853. Appellant claimed that his case was that of mistaken eyewitness identification and that the testing of DNA evidence would exonerate him and demonstrate that he was not the burglar and that it was not his blood at the point of entry into the apartment. The trial court adopted the state's response and summarily denied appellant's motion.
Upon the facts of this particular case, we hold that appellant's motion was legally sufficient in satisfying the requirement of explaining how the DNA evidence could exonerate him or mitigate his sentence and the record does not conclusively refute appellant's claim. The trial court is directed to conduct an evidentiary hearing to consider the merits of the claim and whether the evidence is in testable form. See Riley v. State, 851 So.2d 811 (Fla. 2d DCA 2003).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
TAYLOR, J., concurs.
FARMER, C.J., concurs specially with opinion.
FARMER, C.J., concurring specially.
I write to comment on sending this case back for further proceedings on defendant's motion under rule 3.853.
The motion was filed while defendant's conviction was under review, approximately nine months after sentencing. Nothing in the motion addresses whether defendant requested DNA testing before his trial and, if not, why not.
In other words, this is not an ages old conviction that became final before DNA testing became available, coupled with a history of maintaining actual innocence. This case was tried in 2002. If the blood on the windowsill would have created doubts that defendant burglarized the apartment in question, then he had a perfect right, not to mention the ability, to request DNA testing and produce the results at trial. He did not do this.
In Baker v. State, 29 Fla. L. Weekly S105 (Fla. Mar. 11, 2004), the court took pains to recall the very limited remedy of post conviction relief made available through motion under the Florida Rules of Criminal Procedure. As the court emphasized:
"The purpose of the Rule 3.850 motion is to provide a means of inquiry into the alleged constitutional infirmity of a judgment or sentence, not to review ordinary trial errors cognizable by means of a direct appeal. The motion procedure is neither a second appeal nor a substitute for appeal." [e.s.]
See also Mills v. Dugger, 574 So.2d 63, 65 (Fla.1990) ("[H]abeas corpus is not to be used `for obtaining additional appeals of issues which were raised, or should have been raised, on direct appeal or which were waived at trial or which could have... or have been, raised in' prior postconviction filings."). Almost since the very beginning of the current system of post conviction relief, it has been well settled that this remedy is unavailable to raise issues for the first time that could have been raised at trial. See Fla. R.Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."); Blanco v. State, 702 So.2d 1250 (Fla.1997) (issue waived in post conviction relief where it could have been but was not, raised at trial).
*725 I recognize that rule 3.853 does not contain the express limitation of rule 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."), but surely that must be read into the rule for cases coming to trial after its adoption. Although rule 3.853 also does not expressly state that it is designed for cases where DNA testing was not available until after the conviction had already become final and the defendant has always maintained his innocence, that is obviously its essential purpose. In the present case, tried in 2002, there is absolutely no reason why defendant could not have had the windowsill blood tested before trial.
Because the motion was filed while this direct appeal from the conviction itself was still pending, and perforce the conviction itself was not yet final, I agree only that the motion was premature. Therefore, defendant is free to file such a motion upon this court's affirmance of the conviction. But the freedom to file the motion does not mean to me that the trial court must inevitably grant DNA testing. I think the issue of waiver should, and does, remain open.