872 So.2d 427 (2004)
Steven CHESHIRE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-620.
District Court of Appeal of Florida, Fifth District.
May 7, 2004.
Steven Cheshire, Indiantown, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Steven Cheshire appeals an order summarily denying his post-conviction motion for DNA testing. See Fla. R.Crim. P. 3.853. We reverse and remand for further proceedings.
Cheshire was charged with two counts of first-degree murder for the murder of his wife and Darrell Durbin. After a jury trial, Cheshire was convicted of both counts of first-degree murder and received the death penalty for the murder of his wife. After the death penalty on that conviction was vacated, he was sentenced to life imprisonment. Cheshire v. State, 568 So.2d 908 (Fla.1990).
Six weeks before the murders, Cheshire's wife left him and began living with Durbin. In the early morning hours of 30 October 1988, Cheshire's wife and Durbin were shot and killed in their home by an intruder. At trial, the state introduced into evidence a blue pullover shirt containing at least one blood stain. That shirt was seized from Cheshire's pickup truck upon his arrest. Cheshire states that the evidence custodian of the Putnam County *428 Sheriff's Office has possession of the shirt. Cheshire asserts that he is innocent of the crimes for which he was convicted and that the identification of the perpetrator was a genuine, disputed issue of fact. Cheshire alleges that the shirt was previously tested for DNA by FDLE, but that the results were inconclusive. He claims that as a result of scientific developments in DNA testing, a definitive result could now be obtained which would be admissible at trial. Cheshire further alleges that if DNA testing had shown that the blood on the shirt did not match the victims' blood, there is a reasonable probability he would have been acquitted as the physical evidence against him was slight.
In Cheshire v. State, 568 So.2d 908 (Fla. 1990), the supreme court summarized the evidence against him. Witnesses testified that Cheshire had threatened his wife's life. On the night of the murders, Cheshire was seen driving his vehicle in the area where the murders took place. The physical evidence was a blood stain on Cheshire's shirt and, in the driveway of the residence where the murders took place, a shoe print "most probably" made by Cheshire's right shoe. Although the supreme court found that the physical evidence was "scant," it held that all of the evidence, when considered together, was legally sufficient to support the convictions. Id. at 910, 912-913.
The circuit court denied the Rule 3.853 motion as legally insufficient. The court noted that the DNA tests previously conducted by FDLE were found to be inconclusive because there was not enough blood on the shirt to perform "confirmatory" tests. Attached to the order was a portion of the trial transcript, with testimony indicating that the blood sample was too scant even to determine whether it was human blood. In denying relief, the court noted that Cheshire had not identified what new DNA testing methods would produce a confirmatory result. The court also found that Cheshire had not shown a reasonable possibility of acquittal if the shirt were to be re-examined.
Although characterized as legally insufficient by the court, Cheshire's motion was legally sufficient in that it contained all of the required allegations listed in Florida Rule of Criminal Procedure 3.853(b). If a legally sufficient motion is filed, the trial court must order the prosecuting authority to respond. See Fla. R.Crim. P. 3.853(c)(2). The court in the instant case should have ordered a response from the state. Under the proper procedure, once the court receives the response from the state, it then determines whether the motion should be summarily denied on the merits or scheduled for an evidentiary hearing. Cf. Manual v. State, 855 So.2d 97 (Fla. 2d DCA 2003). Instead of following this procedure, the court incorrectly ruled the motion insufficient and then attempted to refute its allegations.
Rule 3.853 was not intended to provide indigent defendants with a broad entitlement to conduct "fishing expeditions" at public expense in search of new evidence that might exonerate them. We do not suggest that Cheshire, at this stage, is entitled to a re-examination of the shirt for DNA results, or to an evidentiary hearing. We merely hold that the Rule 3.853 motion is legally sufficient and that the trial court should have ordered a response from the state before deciding whether the motion should be summarily denied or set for an evidentiary hearing. See Fla. R.Crim. P. 3.853(c)(3).
The court stated that the motion was legally insufficient, but then addressed the motion on the merits. The court attempted to refute Cheshire's allegation that scientific developments in DNA testing would produce a definitive result, and referred to *429 trial testimony which indicated that the blood sample was too insignificant for further analysis. The court also refuted Cheshire's allegations that DNA testing would likely exonerate him. We do not hold that Cheshire is entitled to relief, but because the motion is legally sufficient, the court should order a response from the state before deciding whether to deny the motion or schedule a hearing. The state should first be given an opportunity to investigate whether the evidence custodian retains possession of Cheshire's shirt more than fifteen years after trial. The state might also dispute Cheshire's claim that scientific developments in DNA testing would provide a definitive result, or argue that the blood stain is too old for meaningful testing. However, if the state finds that the shirt cannot be located and is no longer available for testing, these other issues would be moot.
We reverse the order denying relief, and remand the case to the circuit court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
PETERSON and MONACO, JJ., concur.