ON MOTION FOR REHEARING

PER CURIAM.
We withdraw our previously issued opinion in this case and substitute the following.
Robert Block appeals the summary denial of his motion for DNA testing, filed pursuant to Florida Rule of Criminal Procedure 3.853. For the reasons stated below, we hereby affirm in part, and reverse *994 in part, and remand for a limited eviden-tiary hearing.
Block was convicted on charges of armed burglary, aggravated battery, and resisting arrest without violence. The battery was aggravated due to an allegation that Block used a knife found at the scene of the crime to stab the victim. Block contends the victim’s injury was due to her contact with broken glass from a window and not due to a stab from the knife. As such, Block believes DNA testing of the knife blade would prove the knife was not used to injure the victim, thereby exonerating Block of aggravated battery and reducing his conviction to simple battery.
In order for Block to be entitled to relief under rule 3.853, he must show “how the DNA testing requested by the motion will exonerate the movant of the crime for which the movant was sentenced.” Fla. R.Crim. P. 3.853(b)(3). Such motions have the purpose of challenging convictions where there is a “credible concern that an injustice may have occurred and DNA testing may resolve the issue.” In re Amendment to Florida Rules of Criminal Procedure Creating Rule 3.853 (DNA Testing), 807 So.2d 633, 636 (Fla.2001) (Anstead, J., concurring).
Block contends he has met his burden by showing how his armed burglary and aggravated battery convictions would be unsupported by evidence if the knife was not used to injure the victim. We believe Block is correct, insofar as his aggravated battery conviction, but not as to his armed burglary conviction. If the DNA testing shows the knife did not cause the injury to the victim, Block may be able to use this evidence to reduce his aggravated battery conviction to simple battery.
The State and lower tribunal misconstrue Block’s argument, mistakenly believing Block is arguing somebody else stabbed the victim with the knife. If this were indeed Block’s argument, his motion would be legally insufficient as DNA testing could not shed any light on this issue. However, Block is claiming that the victim’s injury was caused by her contact with broken glass and that nobody stabbed the victim. Thus, Block contends he could not be guilty of aggravated battery. DNA testing could reveal whether the victim’s blood was present on the knife, thus shedding light on this defense theory.
Since Block has stated a legally sufficient claim for relief as it relates to DNA testing of the knife blade, Block is entitled to relief. This relief relates solely to his conviction for aggravated battery, thus Block is entitled to a limited evidentiary hearing. See Collins v. State, 869 So.2d 723 (Fla. 4th DCA 2004). The summary denial of all the other issues raised by Block is affirmed. See Fla. R.Crim. P. 3.853(a) (“This rule provides procedures of obtaining DNA (deoxyribonucleic acid) testing under section 925.11, Florida Statutes.”).
GUNTHER, KLEIN and SHAHOOD, JJ., concur.