913 So.2d 701 (2005)
Frank CARTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-1816.
District Court of Appeal of Florida, Third District.
October 19, 2005.
*702 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before FLETCHER, RAMIREZ, and SUAREZ, JJ.
FLETCHER, Judge.
Frank Carter appeals from the trial court's summary denial of his petition for post-conviction DNA testing pursuant to Florida Rule of Criminal Procedure 3.853. We reverse and remand for an evidentiary hearing.
In 1997, Carter was convicted after jury trial of three counts of sexual battery, kidnapping, armed robbery and aggravated battery. His convictions and sentences were affirmed on appeal. Carter v. State, 762 So.2d 1024 (Fla. 3d DCA 2000). In December 2002, Carter filed a petition for post-conviction DNA testing. Upon finding the petition facially sufficient the trial court correctly ordered a response from the state. However, the less-than-sparse transcript of the April 22, 2003 post-conviction hearing suggests that the trial court evidently read the state's response for the first time at the hearing, at which time it summarily denied the petition without hearing any argument[1] or making any record findings to support its order. The order merely states that "[e]ven assuming that DNA testing could be performed, this evidence would not exonerate the Defendant."
Where a defendant claims that DNA evidence exists, but the state denies the claim, a factual dispute results and an evidentiary hearing is required. Marsh v. State, 852 So.2d 945 (Fla. 2d DCA 2003)(if state's response creates a factual dispute, trial court should conduct evidentiary hearing to resolve it); Riley v. State, 851 So.2d 811 (Fla. 2d DCA 2003)("Neither the trial court nor this court can address the factual discrepancies that exist between Riley's allegations and the state's response without considering the trial transcript or without the trial court conducting an evidentiary hearing."); Borland v. State, 848 So.2d 1288 (Fla. 2d DCA 2003)(same); Spaziano v. State, 879 So.2d 51 (Fla. 5th DCA 2004)(same). See also Warren v. State, 884 So.2d 1074 (Fla. 2d DCA 2004)(documents provided by state cannot *703 be relied upon to support the summary denial of a facially sufficient rule 3.853 petition); Jakeway v. State, 884 So.2d 290 (Fla. 2d DCA 2004)(police affidavit creates factual issue as to whether evidence exists and evidentiary hearing is required); Collins v. State, 869 So.2d 723 (Fla. 4th DCA 2004)(record did not conclusively refute defendant's claim of mistaken identity, it was error for court to adopt the state's response and summarily deny defendant's sufficient motion for DNA testing).
The record before us does not give any indication that the trial court examined the record. In addition the record does not contain any documentary or testimonial evidence to support the state's assertions that there is no evidence to test or that the blood on the shirt belonged to the victim. We therefore reverse and remand for an evidentiary hearing on Carter's claims.[2]
On remand, if the trial court determines that the trial transcripts or other record documents or testimony conclusively demonstrate that identity is not an issue, or that the evidence does not exist, or that Carter would not be exonerated by DNA testing, the documents must be included in the record for appellate review and the order must comply with the rule's requirements for so finding. See Fla. R.Crim. P. 3.853(c)(5). See Jacobs v. State, 880 So.2d 548 (Fla.2004)(steps involved in evaluating a post-conviction petition for facial sufficiency and need for evidentiary hearing).
Reversed and remanded.
NOTES
[1] The defendant was not present in court for the motion; only the state appeared.
[2] Carter also asserts that the victim had chlamydia, and that had he sexually assaulted her he would have contracted the disease as well. As he did not contract the disease, he argues, this further proves his innocence. However, this issue cannot now be addressed by post-conviction petition as it was raised at trial and could have been brought on direct appeal. The issue also is not cognizable by 3.853 motion.