935 So.2d 55 (2006)
George GIRLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-5967.
District Court of Appeal of Florida, First District.
July 31, 2006.
*56 Michael Ufferman, Appearing in conjunction with the Florida Innocence Project, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant appeals the summary denial of his motion for postconviction DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853. On January 14, 1985, the appellant was convicted of sexual battery, robbery, and kidnaping. The appellant filed a rule 3.853 motion seeking DNA testing of biological material collected from the victim after the sexual assault. The appellant alleged that he is innocent, that identity was a material issue at trial, and that DNA testing of the evidence would exonerate him. The trial court found that the appellant's motion was facially sufficient, but denied the motion on the merits, finding that there was no reasonable probability that the appellant would have been acquitted if the DNA evidence was admitted at trial.
The trial court erred when it denied the appellant's facially sufficient motion on the merits without holding an evidentiary hearing or attaching portions of the record. See Schofield v. State, 861 So.2d 1244 (Fla. 2d DCA 2003); Reddick v. State, 929 So.2d 34 (Fla. 4th DCA 2006). The court also erred by ruling on the merits of the motion without eliciting a response from the state. If a trial court has initially determined that a motion for postconviction DNA testing is legally sufficient, Florida Rule of Criminal Procedure 3.853(c) requires a response from the prosecuting authority. The rule states:
(2) The court shall review the motion and deny it if it is insufficient. If the motion is sufficient, the prosecuting authority shall be ordered to respond to the motion within 30 days or such other time as may be ordered by the court.
(3) On receipt of the response of the prosecuting authority, the court shall review the response and enter an order on the merits of the motion or set the motion for hearing.
Fla. R.Crim. P. 3.853(c) (Emphasis added.)
A court should deny a facially sufficient rule 3.853 motion on the merits only after the state has responded. See Cheshire v. State, 872 So.2d 427 (Fla. 5th DCA 2004); Manual v. State, 855 So.2d 97, 98 (Fla. 2d DCA 2003).
The denial of the appellant's motion is reversed, with directions that the trial court direct the State Attorney to respond to the motion. Upon receiving the response, the trial court should consider whether it can decide the merits of the motion without an evidentiary hearing. If the trial court denies the motion without a hearing, it must attach portions of the record supporting its conclusion. Otherwise, *57 the trial court must conduct an evidentiary hearing.
REVERSED AND REMANDED with instructions.
KAHN, C.J., and BARFIELD, J., concur; THOMAS, J., concurs with opinion.
THOMAS, J., concurring.
Based on the State's concession that this case must be reversed and the requirements of section 925.11, Florida Statutes (2004), I concur with the majority opinion. I write only to note the context of the trial court's ruling.
Appellant was transported from a South Florida prison to the hearing in Leon County Circuit Court. Unfortunately, Appellant's attorneys below (not his appellate attorney) failed to appear for the evidentiary hearing set by the court. The trial court attempted to contact Appellant's attorneys, to no avail. The trial court then asked Appellant whether he had communicated with his attorneys; Appellant said that he had not had any contact since September 2003. Only then did the trial court cancel the hearing on Appellant's rule 3.853 motion and order Appellant's attorneys to show cause why sanctions should not be imposed.
Appellant's attorneys responded and attempted to explain their failure to appear; however, the trial court's decision regarding sanctions is not contained in the record on appeal. Regardless, I believe it is important to note that the trial court attempted to afford Appellant the opportunity to present evidence, and then reviewed Appellant's motion and found it insufficient.