967 So.2d 398 (2007)
Ricco Richardo Narales BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-1353.
District Court of Appeal of Florida, First District.
October 19, 2007.
Ricco Richardo Narales Brown, pro se, Appellant.
Bill McCollum, Attorney General, and Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the summary denial of his motion for postconviction DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853. We reverse.
Appellant seeks testing of a Halloween mask and bandana allegedly worn by the perpetrator of the crimes. He asserts that the DNA test would exonerate him because there was no other physical evidence and the case was based on "circumstantial contradictory testimony of the victims." He also alleges that the mask and bandana have already been tested, but "subsequent scientific developments in DNA testing techniques likely will produce a definitive result."
Appellant's motion is facially sufficient and, thus, the trial court ordered the state to respond. See Fla. R.Crim. P. 3.853(b). In response, the state asserted that new DNA technology does not exist and that given the testimony at trial, DNA testing would not produce a different result or exonerate the appellant. The trial court summarily denied the motion for the reasons delineated by the state.
In the instant case, remand is necessary because the trial court failed to attach any portions of the record supporting its conclusions or to conduct an evidentiary hearing to resolve any factual disputes. See Schofield v. State, 861 So.2d 1244 (Fla. 2d DCA 2003) (holding that a trial court must attach record portions conclusively refuting a facially sufficient 3.853 motion or conduct an evidentiary hearing); Borland v. State, 848 So.2d 1288 (Fla. 2d DCA 2003) (holding that if state's response to defendant's rule 3.853 motion creates a factual dispute, the trial court should hold an evidentiary hearing to resolve that dispute); Riley v. State, 851 So.2d 811 (Fla. 2d DCA 2003) (holding that neither trial court or appellate court could address factual discrepancies between defendant's rule 3.853 motion and state's response without considering the trial transcript or conducting an evidentiary hearing). On remand, if the trial court decides that the record conclusively demonstrates that appellant is not entitled to relief, it must attach those portions of the record. If the record does not refute appellant's claims, *400 the trial court must hold an evidentiary hearing.
REVERSED AND REMANDED.
BROWNING, C.J., KAHN and ROBERTS, JJ., concur.