PER CURIAM.
 

 Appellant appeals the summary denial of his motion for postconviction DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853. For the reasons discussed below, we reverse and remand.
 

 After being convicted of aggravated battery, Appellant filed the instant motion requesting DNA testing on a knife allegedly held by the victim. Appellant asserts that DNA testing will reveal his blood on the knife, supporting his claim that he acted in self-defense.
 

 The trial court denied the motion because “there has not been any evidence presented to indicate that there is a sufficient biological sample.on the knife to conduct any forensic testing, specifically DNA testing.” However, whether a DNA sample can be recovered from the knife is a question of fact which can only be determined after an evidentiary hearing.
 
 Cf. Carter v. State,
 
 913 So.2d 701, 702 (Fla. 3d DCA 2005) (“Where a defendant claims that DNA evidence exists, but the state denies the claim, a factual dispute results and an evidentiary hearing is required.”).
 

 Additionally, the trial court held that that there is not a reasonable probability that Appellant would have been acquitted or would have received a lesser sentence if the DNA had been admitted at trial, noting that five witnesses testified that Appellant initiated the assault; however, the trial court failed to attach any portions of the record reflecting the testimony of the five witnesses. The record before this court provides no basis for a determination that DNA testing will not produce exculpatory evidence.
 
 See Jordan v. State,
 
 950 So.2d 442, 443 (Fla. 3d DCA 2007) (“A trial court’s summary denial of a Rule 3.853 motion for DNA testing must be reversed, however, unless the post-conviction record conclusively demonstrates
 
 *37
 
 that the defendant is not entitled to relief.”);
 
 Schofield v. State,
 
 861 So.2d 1244 (Fla. 2d DCA 2008) (holding that the trial court erred in denying a facially sufficient rule 3.853 motion without holding an evi-dentiai'y hearing or attaching portions of the trial transcript indicating that the defendant would not be exonerated). Accordingly, we reverse and remand for the trial court to attach those portions of the record conclusively demonstrating that a DNA test will not exonerate Appellant or to hold an evidentiary hearing.
 

 REVERSED AND REMANDED.
 

 DAVIS, BROWNING, and THOMAS, JJ., concur.