NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


CHARLES E. HARRIS,                    )
                                      )
            Appellant,                )
                                      )
v.                                    )      Case No. 2D14-3281
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
_____  )

Opinion filed April 22, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; Reinaldo Ojeda, Judge.

Charles E. Harris, pro se.


MORRIS, Judge.

        Charles E. Harris appeals the summary denial of his motion for

postconviction relief filed under Florida Rule of Criminal Procedure 3.853. We reverse

and remand for further proceedings because the postconviction court failed to follow the

procedures required by rule 3.853.

        In 1983, Harris was found guilty of first-degree premeditated murder,

attempted first-degree premeditated murder, armed burglary, and armed robbery. After

filing two previous facially insufficient rule 3.853 motions, Harris filed the motion at issue here requesting a court order for the examination of several items of physical evidence that he alleged would exonerate him.

The postconviction court examined the record and denied Harris's motion on its merits. But if a postconviction court finds that a rule 3.853 motion is facially sufficient,[1] it must order a response from the State. See Fla. R. Crim. P. 3.853(c)(2); Zollman v. State, 820 So. 2d 1059, 1063 n.2 (Fla. 2d DCA 2002). A response is required even when an examination of the record conclusively shows that the defendant is not entitled to relief. Id. at 1063 n.2. Only after the response is received and reviewed is the court to enter an order on the merits of the motion or set the motion for hearing. Fla. R. Crim. P. 3.853(c)(3).

Accordingly, we reverse the order denying Harris's rule 3.853 motion and remand for the postconviction court to comply with the procedural requirements of rule 3.853.

Reversed and remanded with directions.

WALLACE and KHOUZAM, JJ., Concur.

---

[1]See generally Saffold v. State, 850 So. 2d 574 (Fla. 2d DCA 2003) (discussing the requirements for a facially sufficient rule 3.853 motion).