NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSEPH WRIGHT,                          )
                                        )
        Appellant,                      )
                                        )
v.                                      )          Case No. 2D15-77
                                        )
STATE OF FLORIDA,                       )
                                        )
        Appellee.                       )
_____)

Opinion filed September 30, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Roger A. Alcott, Judge.

PER CURIAM.

Joseph Wright appeals the order denying his motion for postconviction

DNA testing under Florida Rule of Criminal Procedure 3.853. We reverse and remand

for the postconviction court to comply with the requirements of rule 3.853.

Wright was convicted after a jury trial in 1982 of sexual battery,

aggravated battery, and trespass. In 2004, the circuit court granted Wright's motion for

DNA testing, but the results were inconclusive. Alleging that a new DNA test has been

available since 2008 that would produce an accurate result showing that he was not the

perpetrator, Wright filed another facially sufficient rule 3.853 motion in 2014 requesting

DNA testing of the same items that were tested previously. <u>See</u> Fla. R. Crim. P. 3.853(b) (setting forth the required contents of a motion under this rule). Without addressing Wright's allegation that a new DNA test exists, the postconviction court denied his motion, finding no need to retest the same items.

The postconviction court erred in denying Wright's motion without first ordering a response from the State. <u>See</u> Fla. R. Crim. P. 3.853(c)(2) ("If the motion is facially sufficient, the prosecuting authority shall be ordered to respond to the motion within 30 days or such other time as may be ordered by the court."); <u>see</u> <u>Brown v. State</u>, 967 So. 2d 398, 399 (Fla. 1st DCA 2007) (noting that the trial court ordered the State to respond because the appellant's motion was facially sufficient). The court may deny the motion outright only if it finds it facially insufficient. <u>See</u> Fla. R. Crim. P. 3.853(c)(2).

Accordingly, we reverse and remand with directions that the postconviction court direct the State to respond to Wright's motion. "Upon receipt of the response of the prosecuting authority, the court shall review the response and enter an order on the merits of the motion or set the motion for hearing." Fla. R. Crim. P. 3.853(c)(3).

Reversed and remanded.

ALTENBERND, WALLACE, and CRENSHAW, JJ., Concur.