IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ROBERT N. GRESHAM,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5913

_____/

Opinion filed December 8, 2015.

An appeal from an order of the Circuit Court for Levy County.
Mark W. Moseley, Judge.

Robert N. Gresham, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Kristen Bonjour, Assistant Attorney General, Tallahassee, for Appellee.

ROWE, J.

Appellant, Robert N. Gresham, challenges the denial of his motion for post-conviction DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853. Because Appellant's motion was facially insufficient, we affirm the trial court's denial of the motion.

In 2004, following a jury trial, Appellant was convicted of two counts of capital sexual battery and sentenced to life imprisonment. After his conviction, he

filed a motion seeking testing of DNA evidence allegedly found on the victim. Without requiring a response from the State, the trial court denied the motion on the merits, finding that the DNA evidence would not have changed the outcome of the trial. Appellant argues that this was error because case law prohibits trial courts from denying facially sufficient rule 3.853 motions until after the State responds to the motion. See Girley v. State, 935 So. 2d 55, 56 (Fla. 1st DCA 2006) ("A court should deny a facially sufficient rule 3.853 motion on the merits only after the state has responded."); Cheshire v. State, 872 So. 2d 427, 428 (Fla. 5th DCA 2004) (holding that it was error to summarily deny a legally sufficient rule 3.853 motion without ordering the State to respond); Manual v. State, 855 So. 2d 97, 98 (Fla. 2d DCA 2002) (same). However, these cases are not applicable to Appellant's motion because it was facially insufficient; therefore, no response was required by the State.

In order to allege a facially sufficient claim for DNA testing, a defendant must allege that identification was a genuinely disputed issue at trial and explain how the DNA testing will exonerate him. See Fla. R. Crim. P. 3.853(b) (explaining requirements for facially sufficient motion); Robinson v. State, 865 So. 2d 1259, 1265 (Fla. 2004) ("It is the defendant's burden to explain, with reference to specific facts about the crime and the items requested to be tested, how the DNA testing will exonerate the defendant of the crime or will mitigate the defendant's

2

sentence."). Appellant did not and cannot allege that identity was genuinely disputed in his case. He was the boyfriend of the victim's mother and lived in the home with the victim. Moreover, Appellant confessed to police officers that he sexually abused the victim.[*] Appellant also failed to explain how DNA testing would exonerate him in light of the fact that the State admitted at trial that there was no DNA evidence linking Appellant to the crime. Thus, DNA testing of the requested items would only confirm a fact of which the jury was already aware, that Appellant's DNA was not found on the victim. Because Appellant failed to sufficiently allege that identity was a disputed issue and explain how DNA testing would exonerate him, his motion was facially insufficient. As such, the trial court did not err in denying the motion without first receiving a response from the State.

Additionally, we note that even if the motion had been facially sufficient, triggering the requirement for the trial court to receive a response from the State prior to ruling on it, we would still affirm under the doctrine of harmless error. The Second District has held that it is reversible error for the trial court to deny a facially sufficient motion without receiving a response from the State, even where the record conclusively demonstrates that the defendant is not entitled to relief. Harris v. State, 40 Fla. L. Weekly D939 (Fla. 2d DCA Apr. 22, 2015). We

---

[*] Appellant also implicitly admitted to committing the crime in a prior post-conviction motion when he argued that counsel was ineffective for failing to present evidence that he was a pedophile, which would have led to a defense of insanity or to a mitigation of the charges.

disagree.  A harmless error analysis should be applied when a trial court denies a facially sufficient rule 3.853 motion without first receiving a response from the State.  We acknowledge that this Court held in <u>Girley</u> that, "[a] court should deny a facially sufficient rule 3.853 motion on the merits only after the state has responded."  935 So. 2d at 56.  However, this case is distinguishable from <u>Girley</u> because the portions of the record showing that Appellant's request for DNA testing was meritless are attached to the order on appeal.  Because it is apparent from the face of the record that Appellant's claims are meritless, it would be futile to reverse and remand for the trial court to order a response from the State when it is clear that the failure to do so was harmless error.

We, therefore, AFFIRM the trial court's denial of Appellant's rule 3.853 motion.

LEWIS and THOMAS, JJ., CONCUR.