IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND

DISPOSITION THEREOF IF FILED

NATHANIEL POOLE, JR.,

      Appellant,

v.                                     Case No.  5D17-1442

STATE OF FLORIDA,

      Appellee.
_____/

Opinion filed September 7, 2017

3.853 Appeal from the Circuit
Court for Volusia County,
Leah R. Case, Judge.

Melissa Montle and Seth E. Miller, of
Innocence Project of Florida, Inc.,
Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bonnie Jean Parrish,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

Nathaniel Poole, Jr., appeals the summary denial of his motion for DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853.  The postconviction court's one-page unelaborated denial order was entered without ordering the State to respond to the motion and without any court records attached to the order.  Due to these deficiencies, we reverse and remand.

In 1981, following a jury trial, Poole was convicted of kidnapping, sexual battery, robbery, and aggravated assault. According to the victim's testimony, Poole was one of the three perpetrators of these crimes against her. Poole denied committing the crimes or even being present when the crimes were committed. The objective trial evidence that the State used to link Poole to the crimes was that blood type "O" was discovered at the crime scene and that Poole has type "O" blood. No other scientific tests were performed on other evidence prior to trial, which consisted of pubic hairs, blood, semen, and oral swabs. Poole's convictions were affirmed on direct appeal. *Poole v. State*, 413 So. 2d 898 (Fla. 5th DCA 1982).

Florida Rule of Criminal Procedure 3.853(d) provides that a "motion for postconviction DNA testing may be filed or considered at any time following the date that the judgment and the sentence in the case becomes final." Prior to Poole's present motion, in 2012, Poole, by counsel, moved for DNA testing. Following an evidentiary hearing, the postconviction court granted Poole's motion in part. The court found that Poole met his burden of proof that there exists a reasonable probability that he would have been acquitted if the DNA evidence had been admitted at trial. The court ordered the Florida Department of Law Enforcement ("FDLE") to perform the DNA testing, declining Poole's request for the DNA testing to be conducted by an accredited laboratory other than the FDLE because Poole had not established the requisite "good cause" under rule 3.853(c)(7).[1] We affirmed the State's appeal of this order without opinion. *State v. Poole*, 162 So. 3d 1039 (Fla. 5th DCA 2015).

---

[1] Rule 3.853(c)(7) states:

> (7) The court-ordered DNA testing shall be ordered to be conducted by the Department of Law Enforcement or its

2

The FDLE performed the DNA testing on various items of evidence and issued a report that was favorable to Poole but did not completely exonerate him. Poole, through counsel, then sought the unredacted FDLE case file for review by his own DNA expert to determine whether additional, more sensitive DNA testing on these same items of evidence that had not been performed by the FDLE could exonerate him. Poole eventually moved to compel the production of this information, which the court granted.

Poole has now filed the instant motion for additional testing, attaching an affidavit from Dr. Julie Heinig, the laboratory director in the forensics department of the DNA Diagnostic Center located in Fairfield, Ohio, in support of his motion. Dr. Heinig opined that she agreed with the results and conclusions in the FDLE report but that more advanced and sensitive DNA testing, which was not performed by the FDLE, would be particularly useful in this case and may achieve more robust and complete DNA profiles, especially on the more degraded samples tested. Dr. Heinig further opined that there was no scientific reason not to perform this additional testing and that her lab is accredited and has both the capability and the extensive experience to perform this more particularized DNA testing in these types of cases. Finally, Poole alleged that he would bear the cost of this additional testing at this independent laboratory.

Rule 3.853(c) sets forth the procedure that the court must follow where, as here, the motion for postconviction DNA testing is facially sufficient. First, the court must order the prosecuting authority to respond to the motion within thirty days or such other time as

designee, as provided by statute. However, the court, upon a showing of good cause, may order testing by another laboratory or agency certified by the American Society of Crime Laboratory Directors/Laboratory Accreditation Board (ASCLD/LAB) or Forensic Quality Services, Inc. (FQS) if requested by a movant who can bear the cost of such testing.

determined by the court. Fla. R. Crim. P. 3.853(c)(2). Thereafter, upon receipt of this response, the court shall review the response and then either enter an order on the merits or set the motion for hearing. *Id.* at 3.853(c)(3).

The postconviction court erred when it denied Poole's motion without holding an evidentiary hearing or attaching to the order portions of the record conclusively refuting Poole's motion. *See Girley v. State*, 935 So. 2d 55, 56 (Fla. 1st DCA 2006); *Reddick v. State*, 929 So. 2d 34, 36–37 (Fla. 4th DCA 2006); *Schofield v. State*, 861 So. 2d 1244, 1246 (Fla. 2d DCA 2003). The court also erred by ruling on the motion without requiring a response from the State. *See Girley*, 935 So. 2d at 56.

Accordingly, we reverse the order on appeal and remand to the postconviction court with directions that the court order the State to file a response to the motion, and thereafter, upon receipt and review of the response, to either set the motion for hearing or enter an order on the merits. Moreover, because the postconviction court previously held that Poole met his evidentiary burden to demonstrate that there is a reasonable probability that Poole would have been acquitted if DNA evidence had been admitted at trial, the State's response should, at a minimum, address whether it has any objections to the additional, more sensitive DNA testing techniques described in Dr. Heinig's affidavit to be performed at Poole's expense at an accredited outside laboratory, and if so, the specific grounds for the objection.

REVERSED and REMANDED, with directions.

COHEN, C.J., LAMBERT and EISNAUGLE, JJ., concur.

4