IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

IRA L. LANE,

      Appellant,

 v.                                Case No.  5D17-1982

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed April 6, 2018

3.853 Appeal from the Circuit Court
for Orange County,
Keith A. Carsten, Judge.

Ira L. Lane, Chipley, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

    Ira L. Lane appeals the summary denial of his sworn motion for DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853.  Because the postconviction court failed to attach any court records to its order to refute Lane's motion, we reverse and remand for further proceedings.

Lane was convicted after trial of second-degree murder, false imprisonment, and robbery; and his convictions were affirmed by this court on direct appeal. *See Lane v. State*, 979 So. 2d 240 (Fla. 5th DCA 2008). In his present motion, Lane requested that DNA testing be performed on a Schwinn bicycle that he alleged was used by the murderer to fracture the victim's skull, resulting in his death. Lane admits that he and the victim engaged in a physical altercation in the victim's apartment and that he left the victim lying there in a fetal position, with his hands and feet bound. Lane alleged that the crime scene photos admitted into evidence at his trial showed that the victim's body was found not in a fetal position but with the bicycle on top of him. Lane asserted, however, that the victim was alive when Lane left, and he denied using the bicycle during the altercation. Lane further averred in his motion that: (1) he is innocent of the murder; (2) according to the testimony from the medical examiner, the victim died from blunt force trauma to the head and neck area; (3) the victim was found by the police lying face up, without his hands and feet bound; (4) one of the witnesses at trial testified to seeing other individuals entering and leaving the victim's apartment long after Lane had last left the apartment; (5) DNA testing was not previously performed on the bicycle; (6) the bicycle was last in the possession of the Orlando Police Department's Evidence Division; and (7) DNA testing of the bicycle will exonerate Lane and provide forensic evidence of the identity of the murderer.

Rule 3.853(c) procedurally provides that if the postconviction court concludes that the motion for DNA testing is facially sufficient then, as was done here, it must order the prosecuting attorney to respond to the motion. Upon receipt and review of the State's response, the court must either enter an order on the merits of the motion or set the

motion for hearing.  Furthermore, because the sworn allegations of a defendant's motion must be taken as true, at least until conclusively refuted by the record, *Montez v. State*, 86 So. 3d 1243, 1245 (Fla. 2d DCA 2012), if the postconviction court denies a legally and facially sufficient motion for DNA testing without a hearing, it must attach to its order those portions of the record conclusively refuting the claim.  *Poole v. State*, 225 So. 3d 418, 419 (Fla. 5th DCA 2017); *Padgett v. State*, 15 So. 3d 35, 36 (Fla. 1st DCA 2009); *Schofield v. State*, 861 So. 2d 1244, 1245 (Fla. 2d DCA 2003).

In summarily denying Lane's motion, the postconviction court articulated two bases in support of its conclusion that Lane had not demonstrated that there is a reasonable possibility that DNA testing of the bicycle, although likely admissible evidence at trial, would lead to an acquittal or lesser sentence.  *See King v. State*, 808 So. 2d 1237, 1247-49 (Fla. 2002) (affirming denial of motion for DNA testing when the defendant could not show that the results would raise a reasonable probability of an acquittal or lesser sentence).  First, the court observed that in his motion, Lane admitted that "about 10 punches were thrown" during his fight with the victim and that he had left the victim in a fetal position with his hands and feet bound.  Second, the court noted that Lane had also admitted that a detective testified that no fingerprints were recovered from the bicycle connected to Lane.

We conclude that the lower court erred in denying Lane's motion without attaching any court records to its denial order.  By failing to do so, there is nothing before us refuting Lane's claims that someone else murdered the victim using the bicycle long after Lane left the victim alive and that there is a reasonable probability that DNA evidence will be found on the bicycle providing the true identity of the killer, thus raising a reasonable doubt

3

as to Lane's guilt. Moreover, the reasons provided by the court for denying the motion fail to refute the sworn facts alleged in Lane's motion that the victim was found in an entirely different position than the position in which Lane left the victim and that the DNA of the actual killer, and not Lane's DNA, will be found on the bicycle.

Accordingly, we reverse the order summarily denying Lane's rule 3.853 motion for postconviction DNA testing of the bicycle, and we remand for the court either to conduct an evidentiary hearing on the motion or to attach to its order those parts of the record that conclusively refute Lane's claim.[1]

REVERSED and REMANDED.

TORPY, BERGER and LAMBERT, JJ., concur.

---

[1] *See* Fla. R. App. P. 9.141(b)(2)(D) ("On appeal from the denial of relief [sought in a rule 3.853 motion], unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.").