662 So.2d 729 (1995)
Carl Elwin CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02633.
District Court of Appeal of Florida, Second District.
October 27, 1995.
PER CURIAM.
Carl Clark appeals the denial of his postconviction motion in which he alleges that his trial counsel was ineffective. Because the record does not conclusively refute his allegations, we reverse.
While in federal custody, Clark initiated procedures under the Interstate Agreement on Detainers Act (hereafter IAD). § 941.45, Fla. Stat. (1991). He filed the appropriate papers in three Florida counties, including Pinellas, where this cause arose. Because he filed prior to the imposition of his federal sentence, a prosecutor from Pinellas County informed him that he would need to refile after being sentenced.
*730 After his federal sentence was imposed, Clark again filed his IAD papers in Pinellas County, which were received by the clerk of court on May 4, 1992, as evidenced by a date stamp. On November 23, 1992, he entered pleas to charges on thirteen informations and was sentenced to a total of fifteen years.
Clark filed his timely motion for postconviction relief on June 27, 1992, alleging that he had advised his trial counsel, before entry of his plea, that the time limit imposed by the IAD had expired and that he was entitled to have all pending charges dismissed. His counsel presented the defendant's claim to the prosecutor and was informed that time limits did not apply because the defendant was out of state when he filed his IAD request. Defense counsel relied solely on the prosecutor's statement that the IAD request was invalid and advised the defendant that he should enter a plea to the charges. Clark further alleges that the information provided by the prosecutor is inaccurate because the principal goal of the IAD is the speedy disposition of cases involving out-of-state prisoners.
Clark claims that his counsel prompted him to plead to the charges without first researching this issue and, therefore he was denied effective assistance of counsel. The state argues in its response to Clark's motion and his sworn assertion that he sent copies to the state, that Clark failed to send a copy of his IAD request to the prosecutor. The state does admit that he filed a premature request, but alleges that there is no record of the second request that was filed with the clerk on May 4, 1992.
The state's bare assertion that no IAD request was ever sent to the prosecutor is insufficient to rebut Clark's sworn allegations. Even an affidavit from the state would not suffice. An affidavit serves as the functional equivalent of testimony which is contradictory to the allegations sworn as true by the movant. As such, it would be subject to confrontation at an evidentiary hearing. See Morris v. State, 624 So.2d 864 (Fla. 2d DCA 1993); Cintron v. State, 508 So.2d 1315 (Fla. 2d DCA 1987). A written response filed by defendant's trial counsel refuting a claim of ineffectiveness of counsel likewise has been found recently to be insufficient to refute the claim. Bryant v. State, 661 So.2d 73 (Fla. 2d DCA 1995).
If we ignore, as we must, the state's assertion in its response that Clark failed to copy the state with its IAD request, his allegation of ineffective assistance is facially sufficient. See Williams v. State, 452 So.2d 657 (Fla. 2d DCA 1984) (allegation that trial counsel failed to move to discharge after the time for speedy trial had expired was facially sufficient).
Accordingly, we reverse with directions to hold an evidentiary hearing on Clark's motion, or to again deny the motion with attachments from the record that conclusively refute the allegations.
Any party aggrieved by a subsequent order from the trial court must seek appellate review within thirty days.
Reversed and remanded.
RYDER, A.C.J., and FULMER and QUINCE, JJ., concur.