834 So.2d 252 (2002)
Steacyanne REIGHN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-984.
District Court of Appeal of Florida, First District.
November 14, 2002.
Rehearing Denied January 10, 2003.
Steacyanne Reighn, pro se.
Robert A. Butterworth, Attorney General, James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Steacyanne Reighn, appeals the trial court's order summarily denying her postconviction motion as successive under Florida Rule of Criminal Procedure 3.850, contending that she instead filed it *253 pursuant to Florida Rule of Criminal Procedure 3.853. Although the trial court erred by treating Reighn's petition as having been filed under rule 3.850, we nevertheless affirm, because the motion was barred by section 925.11, Florida Statutes (2002).
Section 925.11(1)(a) provides that a defendant may file a postsentence motion requesting DNA testing if the defendant "has been tried and found guilty of committing a crime," whereas Reighn pled nolo contendere before trial. We therefore affirm the trial court's summary denial as right, but for the wrong reason. See Howard v. State, 462 So.2d 31 (Fla. 1st DCA 1984) (observing that even if the trial court denies relief based upon an incorrect principle, the appellate court will affirm if the right result was obtained); State v. R.M., 696 So.2d 449 (Fla. 4th DCA 1997).
AFFIRMED.
ERVIN, BARFIELD and WOLF, JJ., concur.