840 So.2d 438 (2003)
Willie A. STEWART, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-576.
District Court of Appeal of Florida, Fifth District.
March 21, 2003.
Willie A. Stewart, Milton, Pro Se.
No Appearance for Appellee.
ORFINGER, J.
Willie A. Stewart appeals the denial of his motion for postconviction DNA testing filed pursuant to section 925.11(1)(a), Florida Statutes (2002), and Florida Rule of Criminal Procedure 3.853. Stewart pled nolo contendere to sexual battery. He now maintains that DNA testing of certain evidence in the State's possession will exonerate him. The trial court denied Stewart's motion because he pled nolo contendere to the charge and did not go to trial. We affirm.
Section 925.11(1)(a)[1] provides that a defendant "who has been tried and found guilty of committing a crime" may petition the court for DNA testing. (emphasis added). A defendant who enters a plea of guilty or nolo contendere may not seek postconviction DNA testing based on language of the statute. See Reighn v. State, 834 So.2d 252 (Fla. 1st DCA 2002); accord Epps v. State, 835 So.2d 1217 (Fla. 4th DCA 2003).[2]
AFFIRMED.
THOMPSON, C.J., and MONACO, J., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.853 provides the procedure for obtaining DNA testing under section 925.11, Florida Statutes.
[2] We observe that in adopting Rule 3.853 to provide a procedural mechanism to implement section 925.11(1)(c), the Florida Supreme Court refused to extend the right to DNA testing to defendants who entered guilty or nolo contendere pleas. See Amendment to Fla. Rules of Criminal Procedure Creating Rule 3.853, 807 So.2d 633, 634-35 (Fla.2001).