848 So.2d 1288 (2003)
Mark BORLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3472.
District Court of Appeal of Florida, Second District.
July 16, 2003.
*1289 KELLY, Judge.
Mark Borland appeals the summary denial of his motion for postconviction DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853. We reverse and remand for further proceedings.
In 1990, Borland was convicted after a jury trial of capital sexual battery for performing oral sex on the male victim. In his motion, Borland seeks DNA testing of a rape kit and clothes allegedly taken from the victim at the hospital immediately following the offense. Borland claims that the clothes contain hair samples and that the rape kit contains swabs of saliva taken from the victim's penis. He contends that DNA testing of these items would show that he did not commit the crime.
The trial court concluded that the motion was facially sufficient and ordered the State to respond to Borland's motion pursuant to Florida Rule of Criminal Procedure 3.853(c)(2), which states that "if the motion is sufficient, the prosecuting authority shall be ordered to respond to the motion." In its response, the State claimed that a rape kit was not collected from the victim and that the victim's clothing was never placed into evidence. Based on this response, the trial court denied Borland's motion without an evidentiary hearing finding that no physical evidence containing DNA exists. Borland contends that it was error for the trial court to deny his motion without an evidentiary hearing.
Rule 3.853 is silent on when a trial court must conduct an evidentiary hearing on a motion for postconviction DNA testing. The rule simply provides that after the court receives the State's response, it "shall review the response and enter an order on the merits of the motion or set the motion for hearing." Fla. R.Crim. P. 3.853. Accordingly, we must look elsewhere for guidance to determine whether the trial court erred when it denied Borland's motion without a hearing.
In this case, the trial court was confronted with a situation where the defendant claimed that DNA evidence existed, but the State denied the claim. A finding by the trial court that DNA evidence does or does not exist is a factual determination. In making factual determinations, a trial court can consider only sworn evidence. Melvin v. State, 804 *1290 So.2d 460, 463 (Fla. 2d DCA 2001) (holding that absent the parties' stipulations, courts may only find facts based on sworn evidence). Unsworn allegations are not evidence and are insufficient to prove any fact. Id.; Clark v. State, 662 So.2d 729, 730 (Fla. 2d DCA 1995) (finding that the "state's bare assertion" denying a factual matter was insufficient to rebut the defendant's sworn allegations). Accordingly, allegations in the State's unsworn response do not provide a sufficient basis on which to find that no DNA evidence exists.
Even an affidavit from the State would not be sufficient to resolve this factual issue. "An affidavit serves as the functional equivalent of testimony which is contradictory to the allegations sworn as true by the movant. As such, it would be subject to confrontation at an evidentiary hearing." Clark, 662 So.2d at 730; accord Cintron v. State, 508 So.2d 1315, 1316 (Fla. 2d DCA 1987); see also Youngblood v. State, 261 So.2d 867, 867-68 (Fla. 2d DCA 1972) (holding that the trial court could not deny an evidentiary hearing on a claim of ineffective assistance of counsel based on the strength of a countervailing affidavit from the defendant's attorney).
If the trial court determines that the defendant's motion is sufficient, the rule requires the trial court to order the State to respond to the motion. We believe that the purpose of the State's response is to frame the issues in dispute. If the State does not dispute the defendant's entitlement to postconviction DNA testing, the rule permits the trial court to rule on the merits of the motion. If, however, the State's response creates a factual dispute, the trial court should conduct an evidentiary hearing to resolve that dispute.[1] Because in this case the State's response created a factual dispute, the trial court should have conducted a hearing. Accordingly, we reverse and remand for the trial court to conduct a hearing on Borland's motion.
Reversed and remanded for proceedings consistent with this opinion.
DAVIS and CANADY, JJ., Concur.
NOTES
[1] In an attempt to resolve the factual dispute created by the State's response, the trial court attached to its order an excerpt from the trial transcript that it apparently believed refuted some of the defendant's claims. The attached excerpt actually supported the defendant's claims, at least in part. Accordingly, that excerpt did not provide the trial court with a basis to deny Borland's motion without a hearing. We note that in contrast to Florida Rule of Criminal Procedure 3.850, rule 3.853 does not contain a provision permitting the trial court to deny a hearing if the record conclusively shows the defendant is not entitled to relief. Accordingly, it may or may not be appropriate for the trial court to employ the procedure provided for in rule 3.850 when considering whether to grant a motion for postconviction DNA testing under rule 3.853. However, we express no opinion on that question because Borland has not raised that issue in this appeal.