854 So.2d 684 (2003)
Mathew L. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1287.
District Court of Appeal of Florida, Second District.
July 16, 2003.
Rehearing Denied August 26, 2003.
*685 CASANUEVA, Judge.
Mathew L. Smith challenges the summary denial of his motion for postconviction DNA testing filed pursuant to section 925.11(1)(a), Florida Statutes (2002), and Florida Rule of Criminal Procedure 3.853. We affirm.
Smith pleaded guilty to sexual battery. He now seeks DNA testing of certain evidence. Section 925.11(1)(a) provides that a defendant "who has been tried and found guilty of committing a crime" may petition the court for DNA testing. (Emphasis added.) A defendant who enters a plea of guilty or nolo contendere may not seek postconviction DNA testing based on the language of the statute. See Stewart v. State, 840 So.2d 438 (Fla. 5th DCA 2003); see also Reighn v. State, 834 So.2d 252 (Fla. 1st DCA 2002), cause dismissed by SC03-370, 845 So.2d 892 (Fla. May 6, 2003); accord Epps v. State, 835 So.2d 1217 (Fla. 4th DCA 2003). The Florida Supreme Court refused to extend the right to DNA testing to defendants who entered guilty or nolo contendere pleas. See Amendment to Fla. Rules of Criminal Procedure Creating Rule 3.853, 807 So.2d 633, 634-35 (Fla.2001). We therefore align ourselves with the First, Fourth, and Fifth Districts and conclude that a defendant is not entitled to seek DNA testing if he or she entered a plea of guilty or nolo contendere.
Affirmed.
DAVIS and KELLY, JJ., concur.