851 So.2d 817 (2003)
Robert WARREN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5179.
District Court of Appeal of Florida, Second District.
July 30, 2003.
WHATLEY, Judge.
Robert Warren appeals the trial court's order dismissing his motion filed pursuant to Florida Rule of Criminal Procedure 3.853 and section 925.11, Florida Statutes (2002). We reverse the trial court's order and remand for further proceedings.
The trial court found that Warren's motion for postconviction DNA testing failed to comply with the procedural requirements of rule 3.853 because the motion *818 "does not demonstrate or allege that the evidence is still available." A postconviction motion for DNA testing is governed by rule 3.853 and section 925.11. Both the rule and the statute require that the movant include a description of the physical evidence containing DNA to be tested and, if known, the present location or last known location of the evidence and how it was originally obtained. Fla. R.Crim. P. 3.853(b)(1); see also § 925.11(2)(a)(1). Neither the rule nor the statute requires that the movant allege that the evidence is still available to be tested. The motion must be sworn to by the movant, and whether or not the evidence is still in existence is likely to be beyond the knowledge of the movant, especially where, as here, the movant is incarcerated.
In his motion, Warren alleged, inter alia, that hair and semen samples were taken from the person of the victim by Bayfront Medical Center's Rape Crisis Unit, the St. Petersburg Police Department, or the Pinellas County Sheriff's Office. He further alleged that the evidence was then turned over to the Florida Department of Law Enforcement or the Federal Bureau of Investigation for forensic testing. Pursuant to the requirements of the rule and the statute, Warren is obligated to provide information regarding the location of the evidence only if he has knowledge of said location. It would be preferable that if a movant has no knowledge regarding the location of the evidence, he so state in the motion. Warren listed several agencies that might have had, or might have, possession of the evidence in question, and we conclude that although inartfully drafted, Warren's motion satisfied the requirement that he provide, if known, "the present location or the last known location of the evidence."
Because we conclude that Warren also complied with the other requirements of rule 3.853 and section 925.11, and therefore filed a facially sufficient motion for postconviction DNA testing, we reverse the trial court's order and remand with instructions to the trial court to order the prosecuting authority to respond to the motion. See Fla. R.Crim. P. 3.853(c)(2).
Reversed and remanded.
NORTHCUTT and SILBERMAN, JJ., Concur.