854 So.2d 775 (2003)
Allen ZOLLMAN a/k/a Allan Ray Denton, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5625.
District Court of Appeal of Florida, Second District.
September 3, 2003.
*776 CANADY, Judge.
Allen Zollman appeals the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.853, seeking postconviction DNA testing of certain items of evidence. We previously reversed the trial court's ruling that Zollman's motion was facially insufficient. Zollman v. State, 820 So.2d 1059 (Fla. 2d DCA 2002). In this appeal, Zollman argues that the trial court erred on remand when it determined, based solely on the State's unsworn response to his motion, that the evidence that he seeks to have tested no longer exists. Because the trial court could not properly make such a factual determination without affording Zollman the benefit of an evidentiary hearing, we reverse.
This case is very similar to another case recently decided by this court, Borland v. State, 848 So.2d 1288 (Fla. 2d DCA 2003). In Borland, as in the instant case, the movant alleged that items of evidence that could be DNA tested still existed. Likewise, in both Borland and in the instant case the trial courts denied the motions based upon unsworn responses by the State that indicated that the evidence to be tested did not exist.
This court held in Borland that an unsworn response or even a sworn affidavit that refutes an allegation made by the movant serves only to create a "factual dispute," which must be resolved by an evidentiary hearing. Id. at 1290. Consequently, it was error in the instant case for the trial court to accept the State's response as true without providing Zollman with an opportunity at an evidentiary hearing to address the issue of whether testable evidence still exists. We reverse and remand this case for proceedings consistent with this opinion.
Reversed and remanded.
FULMER and WALLACE, JJ., Concur.