THOMPSON, J.
Arthur C. Delidle appeals the summary denial of this motion -for post conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.853. Relying upon Zollman v. State, 854 So.2d 775 (Fla. 2d DCA 2003) and Borland v. State, 848 So.2d 1288 (Fla. 2d DCA 2003),. Delidle argues the trial court should have afforded him an evidentiary hearing to determine if DNA evidence existed. We disagree and affirm.
In 1992, Delidle entered pleas of guilty to sexual battery while armed and robbery with a deadly weapon. He was sentenced to concurrent 40-year sentences, as agreed in the plea negotiations. He now contends that the state coerced the pleas by stating it had DNA evidence.
He argues that the trial court erred when it denied his motion without an evidentiary hearing to make a factual determination whether testable evidence still exists. Delidle’s reliance upon Zollman and Borland is misplaced. In each of those cases, the Second District Court of Appeal held that if a defendant was tried and convicted, and requests an evidentiary hearing pursuant to Rule. 3.853, the trial court could' not deny the request based upon an unsworn response or even a sworn affidavit from the state. The difference between the instant case and Zollman and Borland is that unlike the defendants in those cases, Delidle did not go to trial. The predicate to post conviction relief is that the defendant was convicted after a trial. See § 925.11(l)(a), Fla. Stat. (2003). Recently, in Stewart v. State, 840 So.2d 438 (Fla. 5th DCA 2003), this court opined: “A defendant who enters a plea of guilty or nolo contendere may not seek post conviction DNA testing based on language of the statute.” Accord Smith v. State, 854 So.2d 684 (Fla. 2d DCA 2003); Reighn v. State, 834 So.2d 252 (Fla. 1st DCA 2002).
affirmed!
PETERSON and MONACO, JJ., concur.