884 So.2d 1074 (2004)
Robert L. WARREN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-537.
District Court of Appeal of Florida, Second District.
October 15, 2004.
DAVIS, Judge.
Robert L. Warren appeals the summary denial of his motion for postconviction DNA testing, filed pursuant to Florida Rule of Criminal Procedure 3.853. Warren seeks to have DNA testing performed on evidence collected during the investigation that preceded his conviction for rape.
This court previously held that Warren's rule 3.853 motion was facially sufficient and instructed the trial court to order the State to respond. See Warren v. State, 851 So.2d 817 (Fla. 2d DCA 2003). After obtaining the State's response, the trial court accepted the State's conclusion that the evidence for which Warren requested DNA testing no longer exists. The trial court then summarily denied Warren's rule 3.853 motion.
The documents provided by the State to show that the evidence listed in Warren's motion for postconviction DNA testing no longer exists create a factual dispute as to whether the evidence still exists for testing. These documents cannot be relied on to support the summary denial of a facially sufficient rule 3.853 motion for postconviction relief. See Borland v. State, 848 So.2d 1288 (Fla. 2d DCA 2003); Jakeway v. State, 884 So.2d 290 (Fla. 2d DCA 2004). *1075 Accordingly, we reverse the order of the trial court and remand for the trial court to conduct an evidentiary hearing, pursuant to the requirement set forth in rule 3.853, and make a factual determination as to whether the evidence still exists for testing.
Reversed and remanded.
CASANUEVA and VILLANTI, JJ., Concur.