906 So.2d 379 (2005)
Artis SCARBOROUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1318.
District Court of Appeal of Florida, Second District.
July 22, 2005.
PER CURIAM.
Artis Scarborough was convicted after jury trial of armed robbery of a supermarket. Scarborough appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.853 in which he sought DNA testing of a jacket that Scarborough alleges was recovered by the police at or near the supermarket. A review of the motion reveals that Scarborough made a sufficient showing that his trial identification was in dispute within the meaning of rule 3.853(b)(4). See Saffold v. State, 850 So.2d 574, 577 (Fla. 2d DCA 2003); Zollman v. State, 820 So.2d 1059, 1062 (Fla. 2d DCA 2002). Scarborough did not make a facially sufficient *380 showing under rule 3.853(b)(4) as to the relevance of DNA testing of the recovered jacket in exonerating him. See Hitchcock v. State, 866 So.2d 23, 28 (Fla.2004).
Accordingly, the order of the circuit court is affirmed without prejudice to any right Scarborough may have to file a facially sufficient motion under rule 3.853 that is timely under rule 3.853(d)(1)(A). In any such filing Scarborough shall state, if known to him, how and where the jacket sought to be tested was recovered by the police, whether that jacket was introduced into evidence, and whether the witness who identified Scarborough, or any other witness, also positively identified that jacket as the one worn by a perpetrator of the robbery. Scarborough must show that DNA testing of the recovered jacket is relevant to the issue of his identification as the perpetrator of the crime.
Affirmed without prejudice to any right Scarborough may have to file a timely, facially sufficient motion under rule 3.853.
FULMER, C.J., and SALCINES and VILLANTI, JJ., Concur.