922 So.2d 383 (2006)
Albert B. THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-4641.
District Court of Appeal of Florida, Second District.
March 3, 2006.
PER CURIAM.
Albert B. Thompson appeals the summary denial of his motion for postconviction DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853. We reverse and remand for an evidentiary hearing.
In 1969, Thompson was convicted of rape after a jury trial. In his postconviction motion, Thompson sought DNA testing of several items of evidence collected during the investigation of the rape charge. The postconviction court concluded that the motion was facially sufficient and ordered the State to respond. The State responded that the physical evidence to be tested no longer existed and requested an evidentiary hearing to provide sworn testimony to support its assertion that no physical evidence containing DNA existed. Rather than scheduling an evidentiary hearing, the postconviction court summarily denied Thompson's motion on the ground that because the evidence was no longer available for testing, Thompson's claim was moot.
The postconviction court erred in denying Thompson's claim as moot. A decision by the postconviction court that DNA evidence does or does not exist is a factual finding and requires an evidentiary hearing. Warren v. State, 884 So.2d 1074 (Fla. 2d DCA 2004); Jakeway v. State, 884 So.2d 290 (Fla. 2d DCA 2004); Borland v. State, 848 So.2d 1288 (Fla. 2d DCA 2003); see also Fla. R.Crim. P. 3.853(c)(3). The record does not contain any testimony or other evidence to support the State's assertion that the DNA evidence no longer exists. Accordingly, we reverse the order denying postconviction relief and remand for an evidentiary hearing to determine *384 whether the evidence still exists for testing.
Reversed and remanded.
CASANUEVA, STRINGER, and VILLANTI, JJ., Concur.