936 So.2d 1213 (2006)
Ronald James LINDSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2427.
District Court of Appeal of Florida, Fifth District.
September 8, 2006.
Ronald J. Lindsey, Chipley, pro se.
No Appearance for Appellee.
EVANDER, J.
Appellant challenges the trial court order denying his motion for post-conviction DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853 (2005). We affirm the trial court's order but not for the reason recited by the trial court.
As a result of entering a nolo contendre plea to an attempted sexual battery charge, appellant was sentenced, on December 2, 2004, to fifteen years in the Department of Corrections followed by ten years probation. He did not appeal. On June 1, 2006, appellant filed his motion for post-conviction DNA testing. On June 6, 2006, the trial court denied the motion. In denying the motion, the trial court understandably relied on the language set forth in section 925.11, Florida Statutes (2005), *1214 which limited the right to file motions for post-sentencing DNA testing to individuals whose convictions had resulted from a trial. See also Stewart v. State, 840 So.2d 438 (Fla. 5th DCA 2003).
Although the trial court's decision was correct when made, it later became incorrect as a result of the amendments made to section 925.11 in this year's legislative session. Newly enacted section 925.11(1)(a)(2) extends the right to file a motion for post-conviction DNA testing to individuals who have entered a plea of guilty or nolo contendere to a felony prior to July 1, 2006. Therefore, appellant could seek post-conviction DNA testing notwithstanding the fact that his conviction resulted from a plea rather than a trial.
Although appellant was permitted to file a motion for post-conviction DNA testing, his motion was woefully inadequate in complying with the pleading requirements set forth in rule 3.853(b). The trial court's order of dismissal is affirmed, without prejudice to appellant filing a legally sufficient motion.
AFFIRMED.
SAWAYA and ORFINGER, JJ., concur.