954 So.2d 732 (2007)
Jamal Che GLENN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-0765.
District Court of Appeal of Florida, First District.
April 26, 2007.
*733 Jamal Che Glenn, pro se, Appellant.
Bill McCollum, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.
THOMAS, J.
Appellant appeals the summary denial of his motion for postconviction DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853. In light of the 2006 change in Florida law, we reverse.
On October 2, 1998, Appellant pled guilty to first-degree murder and robbery. Appellant filed a rule 3.853 motion seeking DNA testing of evidence collected during the investigation of the crimes, including samples from the victim's clothing and personal effects, fibers, nail scrapings, and "other minuscule debris," as well as hair samples. Appellant's motion is facially sufficient, alleging that he is innocent, that identity was a material issue at trial, that no DNA testing of the relevant evidence occurred, and that DNA testing will exonerate him. See 925.11(2), Fla. Stat. (2006).
The trial court denied Appellant's motion, relying on language in section 925.11(1)(a), Florida Statutes (2005), which limits the right to file rule 3.853 motions to those who have been tried and found guilty of a felony, and effectively excludes those who entered a guilty or nolo contendere plea to such crimes. However, section 925.11(1)(a)2. was amended in 2006 to allow for postconviction DNA testing in cases where the defendant enters a plea of guilty or nolo contendere to a felony. See § 925.11(1), Fla. Stat. (2006); Lindsey v. State, 936 So.2d 1213 (Fla. 5th DCA 2006). Section 925.11(1)(a)2., Florida Statutes (2006), provides:
A person who has entered a plea of guilty or nolo contendere to a felony prior to July 1, 2006, and has been sentenced by a court established by the laws of this state may petition that court to order the examination of physical evidence collected at the time of the investigation of the crime for which he or she has been sentenced that may contain DNA (deoxyribonucleic acid) and that would exonerate that person.
Courts must first look to the plain language of a statute when construing its meaning. See Montgomery v. State, 897 So.2d 1282, 1285 (Fla.2005). When the language is clear and unambiguous, there is no room for statutory interpretation or judicial construction. Id.; State v. Jett, 626 So.2d 691, 692 (Fla.1993).
The language of section 925.11(1)(a)2. is clear and extends the right to file a motion for postconviction DNA testing not only to those who entered a guilty or nolo contendere plea after the change in the law, but also includes those who entered a plea to a felony before July 1, 2006. Because Appellant filed a facially sufficient motion for postconviction DNA testing, his motion *734 cannot be denied solely on the basis of his 1998 plea.
In response to this court's order to show cause why this case should not be remanded, the State argues that Appellant failed to meet his burden of justifying his delay in seeking DNA testing and failed to provide an explanation as to why the evidence at issue was not tested at the time his plea was entered. Specifically, the State argues that Appellant failed to explain the seven-year gap between his conviction and the filing of his rule 3.853 motion, and failed to offer facts that justified such a delay.
In support of its argument, the State cites Hitchcock v. State, 866 So.2d 23 (Fla. 2004). The State, however, incorrectly interprets the language of the supreme court's opinion. The State appears to argue that because the court in Hitchcock determined that the intent of rule 3.853 is to provide an opportunity for DNA testing of evidence not previously tested, or of evidence previously tested but with inconclusive results and subsequent developments in testing techniques would provide a definitive result, the defendant bears the burden of explaining and justifying why DNA testing of the evidence at issue was not sought before the postconviction stage of the proceedings. However, nothing in Hitchcock indicates that the court intended to place the burden on the defendant to make such explanations and justifications; rather, the court found that the allegations were inadequate on the merits. Further, nothing in rule 3.853 or section 925.11, Florida Statutes (2006), places this type of burden on the defendant. Finally, in light of the strict pleading requirements found in rule 3.853, this type of burden cannot be inferred. As such, we find the State's argument and reliance on Hitchcock unpersuasive.
In light of the plain language of section 925.11(1)(a)2., Florida Statutes (2006), this case must be remanded. Accordingly, we reverse the trial court's summary denial of Appellant's rule 3.853 motion and remand to the trial court to address the merits of Appellant's petition pursuant to sections 925.11(2)(c)-(f), Florida Statutes (2006).
REVERSED and REMANDED.
KAHN and HAWKES, JJ., concur.