SILBERMAN, Judge.
Ezell Walker appeals the summary denial of his motion for DNA evidence examination filed pursuant to Florida Rule of Criminal Procedure 3.853. In his motion, Walker seeks DNA testing of the victim’s underwear and sand allegedly removed from her vagina. These items were collected during the investigation of the crime for which Walker was convicted. The postconviction court denied the motion based on the State’s unsworn response that asserts the evidence to be tested no longer exists.
We have previously held that “allegations in the State’s unsworn response do not provide a sufficient basis on which to find that no DNA evidence exists.” Borland, v. State, 848 So.2d 1288, 1290 (Fla. 2d DCA 2003). Even an affidavit from the State that refutes the movant’s allegations serves only to create a factual dispute that must be resolved by an evidentiary hearing. Zollman v. State, 854 So.2d 775, 776 (Fla. 2d DCA 2003); see Jakeway v. State, 884 So.2d 290, 291 (Fla. 2d DCA 2004); Borland, 848 So.2d at 1290. Thus, the postconviction court erred in denying Walker’s motion based on the State’s response.
Accordingly, we reverse the order denying Walker’s motion and remand for the postconviction court to provide him the opportunity at an evidentiary hearing to address the issue of whether testable evidence still exists. See Jakeway, 884 So.2d at 291.
Reversed and remanded.
NORTHCUTT and KELLY, JJ., Concur.