963 So.2d 913 (2007)
James BAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5186.
District Court of Appeal of Florida, Second District.
August 29, 2007.
SALCINES, Judge.
James Bain appeals the summary denial of his motion for DNA evidence examination and his pro se motion for DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853. We affirm the postconviction court's denial of the motion for DNA evidence examination. We reverse the denial of the Bain's pro se motion for DNA testing and remand for further proceedings.
On May 23, 1974, Bain was convicted of rape, burglary with an assault, and kidnapping after a jury trial. On September 30, 2003, Bain filed a rule 3.853 motion, which the postconviction court dismissed without prejudice to Bain filing a facially sufficient motion. On May 23, 2006, more than two years later, Bain filed the rule 3.853 motions that are the subject of this appeal. In summarily denying both motions, the postconviction court found that they were untimely, in part because Bain's delay in refiling was an abuse of process.
However, due to an amendment to section 925.11, Florida Statutes, enacted on June 23, 2006, no time limit applies to rule 3.853 motions for postconviction DNA testing filed on or after October 1, 2005. See Ch. 2006-292, §§ 1, 4, at 2204-7, Laws of Fla. (codified in § 925.11, Fla. Stat. (2006)). Moreover, in dismissing Bain's 2003 rule 3.853 motion without prejudice, the postconviction court set no filing deadline. Consequently, the postconviction court erroneously denied the 2006 motions as untimely. See Jumper v. State, 903 So.2d 264 (Fla. 2d DCA 2005) (holding that postconviction court could not deny a refiled rule 3.850 motion as untimely when postconviction court did not set a filing deadline in dismissing defendant's first rule 3.850 motion without prejudice to refiling.)
Because Bain timely filed his pro se motion for DNA testing the postconviction court should have addressed the motion on the merits. Accordingly, on remand, the postconviction court shall require the State to respond and, if necessary, hold an evidentiary hearing in this matter. See Fla. R.Crim. P. 3.853; Girley v. State, 935 So.2d 55 (Fla. 1st DCA 2006).
Although Bain's motion for DNA evidence examination also was timely, it is facially insufficient. Ordinarily, a facially insufficient rule 3.853 motion should be dismissed or denied without prejudice to the refiling of a facially sufficient motion. See, e.g., Harvey v. State, 925 So.2d 1111 (Fla. 2d DCA 2006); Lemay v. State, 921 So.2d 853 (Fla. 2d DCA 2006); Scarborough v. State, 906 So.2d 379 (Fla. 2d DCA 2005). However, Bain requests the same *915 relief for the same reasons in both motions. In light of our holding on Bain's pro se motion for DNA testing, we affirm the postconviction court's denial of Bain's motion for DNA evidence examination.
Affirmed in part, reversed in part, and remanded.
SILBERMAN and KELLY, JJ., Concur.