NORTHCUTT, Chief Judge.
Robert James Brim challenges the summary denial of his motion for DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853 and section 925.11(1)(a)(2), Florida Statutes (2006). The postconviction court erroneously de *553 nied the motion based on its mistaken determination that the motion was untimely. Accordingly, we reverse and remand for further proceedings.
In July 2004, Brim filed a postconviction motion for DNA testing in two trial court cases, numbers 92-799 and 92-875. In a December 2005 order, the postconviction court correctly held that Brim was not entitled to seek DNA testing of the physical evidence in 92-799 because he had pleaded no contest in that case and the statute in effect at that time permitted a convicted defendant to seek DNA testing only if he had been tried and found guilty of committing a crime. See Smith v. State, 854 So.2d 684, 685 (Fla. 2d DCA 2003).[1] The court determined that Brim was entitled to file a motion for DNA testing in 92-875 because he had been tried and found guilty in that case but that Brim’s motion was facially insufficient. The court dismissed the motion without prejudice to Brim’s filing of a facially sufficient motion for DNA testing within sixty days. The court eventually granted Brim an extension until April 7, 2006. In October 2006, Brim filed a motion for DNA testing in 92-799 only.
In the order on appeal, the posteonviction court denied Brim’s October 2006 motion as untimely because he did not file it on or before the April 7, 2006, deadline established in its previous orders. This was error. In 2004, when Brim initially sought DNA testing in 92-799, the post-conviction court correctly determined that Brim’s motion was not permitted by the statute then in effect. Obviously, in that case the postconviction court could not authorize Brim to file a facially sufficient motion for DNA testing by a particular deadline because Brim was legally ineligible to seek that relief.
Brim did not become eligible to seek DNA testing until June 23, 2006, when section 925.11 was amended to permit defendants who had pleaded guilty or no contest to felony offenses prior to July 1, 2006, to seek DNA testing in their cases. See Ch.2006-292, § 1, at 2205, Laws of Fla.; § 925.11(1)(a)(2), Fla. Stat. (2006). Thus Brim’s October 2006 motion was authorized by law and was not untimely.
The postconviction court erred in denying Brim’s motion for DNA testing as untimely. We reverse and remand for further proceedings on the motion.
Reversed and remanded.
DAVIS and LaROSE, JJ., Concur.

. Smith interpreted the 2002 statute. However, the 2004 and 2005 versions of the statute were no different in this regard.