VILLANTI, Judge.
Kevin Thomas appeals from the summary denial of his motion for postconviction DNA testing filed pursuant to Florida Rule of Criminal Procedure 3.853. The postconviction court denied Thomas’s motion as untimely. Because the motion was not untimely under rule 3.853 or section 925.11, Florida Statutes (2007), we reverse and remand for consideration on the merits.
Thomas was convicted after a jury trial of multiple charges of sexual battery with a firearm, kidnapping with a firearm, burglary of a dwelling with assault with a deadly weapon, robbery with a firearm, grand theft motor vehicle, grand theft firearm, and conspiracy to commit armed burglary arising from events that occurred on April 20, 1992. He was subsequently sentenced to multiple consecutive lengthy sentences. On direct appeal, this court affirmed Thomas’s convictions and sentences without opinion. Thomas v. State, 645 So.2d 473 (Fla. 2d DCA 1994) (table decision).
On November 14, 2005, Thomas filed a motion pursuant to rule 3.853 seeking postconviction DNA testing of various evidence. Thomas filed the motion solely as to the two sexual battery convictions, and he alleged that DNA testing would establish that he was not the one who sexually battered the victims.
On October 25, 2006, the postconviction court dismissed Thomas’s November 14 motion as facially insufficient. The post-conviction court found that Thomas’s motion failed to include a statement of the facts and location of the evidence to be tested as required by rule 3.853(b)(1) and failed to include a statement that identification was a genuinely disputed issue at trial as required by rule 3.853(b)(4). In its order dismissing Thomas’s November 14 motion, the postconviction court “granted” Thomas thirty days in which to file a facially sufficient motion. Thomas did not file a facially sufficient motion within thirty days of the postconviction court’s October 25 order; however, the postconviction court never entered any further ruling on Thomas’s November 14 motion.
Subsequently on August 22, 2007, Thomas filed an amended motion for postconviction DNA testing under rule 3.853. In the amended motion, Thomas admitted that he filed a previous rule 3.853 motion and that the previous motion was dismissed as facially insufficient. Thomas also admitted that he was given thirty days to file a facially sufficient motion and that he failed to do so within that time frame. Thomas asserted that his amended motion should nevertheless be considered on its merits because neither rule 3.853 nor section 925.11 place any time limits on seeking postconviction DNA testing.
However, the postconviction court denied Thomas’s amended motion as untimely, presumably because Thomas failed to amend his original motion within the thirty-day time limit imposed by the court and not because of any time limit imposed by any rule or statute. The postconviction court provided no legal basis for its apparent belief that the thirty-day time limit it had imposed on Thomas superseded the unlimited time allowed Thomas by section 925.11 and rule 3.853. The postconviction court noted only that Thomas had provided no explanation for his “lengthy delay” in filing the amended motion and that fil *389 ing the amended motion nine months after the thirty-day deadline imposed by the earlier order rendered it untimely. Thomas now appeals this ruling.
As Thomas correctly points out, neither section 925.11 nor rule 3.853 provide any time limit for filing motions seeking postconviction DNA testing. When initially enacted, section 925.11 provided a deadline of two years after a judgment and sentence became final or October 1, 2001, whichever was later. See Ch. 2001-97, § 1, Laws of Fla. The statute was subsequently amended in 2004 to extend the deadline to four years after a judgment and sentence became final or October 1, 2005, whichever was later. See Ch. 2004-67, § 1, Laws of Fla. Finally, in 2006, the legislature removed the deadline for seeking postconviction DNA testing altogether. See Ch. 2006-292, § 1, Laws of Fla. Thus, the statute now provides as follows:
A petition for postsentencing DNA testing under paragraph (a) may be filed or considered at any time following the date that the judgment and sentence in the case becomes final.
§ 925.11(1)(b), Fla. Stat. (2007). Rule 3.853(d) similarly provides that motions for postconviction DNA testing may be “filed or considered at any time.” Thus, it is clear that Thomas’s amended motion filed in August 2007 was not untimely under either the rule or the statute and should not have been denied on that basis.
In fact, it does not appear that the post-conviction court denied Thomas’s amended motion as untimely under either the statute or the rule. Instead, it appears that the postconviction court denied Thomas’s amended motion as untimely because he did not file the amended motion within thirty days of the order dismissing his initial motion. However, Thomas’s failure to file his amended motion within this time frame does not render his amended motion untimely for three reasons.
First, because Thomas’s November 14 motion was not denied on the merits, he was legally entitled to file a second motion attempting to allege sufficient grounds for relief until the time limit for filing new motions had expired. Cf. Spera v. State, 971 So.2d 754, 758-59 (Fla.2007) (holding that a trial court may not summarily dismiss a timely but successive motion for postconviction relief under rule 3.850 if that motion raises issues that were summarily dismissed based on legal insufficiency); Mancebo v. State, 931 So.2d 928, 929 (Fla. 3d DCA 2006) (“Because there was no denial on the merits and the 3.850 time limit had not expired, the defendant was allowed to file a second Rule 3.850 motion in an attempt to allege legally sufficient claims.”).
Here, Thomas’s November 14 motion was dismissed as being legally insufficient. There was no denial on the merits. Therefore, Thomas was allowed to file a second rule 3.853 motion in an attempt to allege legally sufficient claims any time before the time limit for filing under rule 3.853 had “expired.” Because rule 3.853 does not have a time limit, Thomas’s amended motion could not have been untimely as a matter of law.
Second, a postconviction court may not arbitrarily shorten the time allowed for filing a facially sufficient rule 3.853 motion in contravention of the plain language of section 925.11 and rule 3.853. In removing the time limit for filing rule 3.853 motions and opening the availability of the motion to all convicted persons, not just those who went to trial, the legislature codified a policy that DNA testing be “a means by which to challenge convictions when there is a ‘credible concern that an injustice may have occurred and DNA testing may resolve the issue.’ ” Zollman v. State, 820 *390 So.2d 1059, 1062 (Fla. 2d DCA 2002) (quoting In re Amendment to Fla. Rules of Criminal Procedure Creating Rule 3.853 (DNA Testing), 807 So.2d 633, 636 (Fla.2001) (Anstead, J., concurring)). Permitting a postconviction court to impose an arbitrary time limit on a defendant to file an amended motion would not foster this policy.
Unlike the situation under rule 3.850 in which a postconviction court may, in its discretion, grant a defendant a limited time in which to amend a motion after the two-year time for filing has expired, allowing a postconviction court to set a deadline for filing an amended motion under rule 3.853 could only reduce the time the defendant has to seek relief, not expand it. While a postconviction court may have the discretion to expand the time a defendant has to seek postconviction relief, it does not have the discretion to reduce the time to something less than that provided for by the legislature. Enforcing an arbitrary deadline for filing an amended motion set by the postconviction court would undercut the purpose of the statute and rule and result in some defendants having less time to seek DNA testing than others. This inequitable result cannot be sustained even if the postconviction court specifically advises the defendant that failing to file an amended motion within the court-imposed time frame will result in the defendant being forever barred from seeking postconviction DNA testing.
We recognize that in Bain v. State, 963 So.2d 913, 914 (Fla. 2d DCA 2007), this court stated that Bain’s amended rule 3.853 motion could not be dismissed as untimely because “the postconviction court set no filing deadline” for the amended motion. However, that statement was dicta, and the primai'y holding was that Bain’s motion could not be denied because “no time limit applies to rule 3.853 motions for postconviction DNA testing filed on or after October 1, 2005.” Id. Because the postconviction court in Bain had not set a filing deadline for the amended motion, the effect of any filing deadline that might have been set was not actually considered or ruled upon by this court. Therefore, the dicta in Bain does not control the resolution of this case, in which the post-conviction court purported to set just such a deadline in contravention of section 925.11 and rule 3.853.
Third, . contrary to the postconviction court’s ruling, Thomas had no obligation to justify his delay in filing the amended motion. In Glenn v. State, 954 So.2d 732 (Fla. 1st DCA 2007), the First District rejected the State’s argument that a defendant who had waited seven years to seek postconviction DNA testing had an obligation to allege facts to justify his delay. In doing so, the First District noted that “nothing in rule 3.853 or section 925.11, Florida Statutes (2006), places this type of burden on the defendant.” Id. at 734. The court also noted that “in light of the strict pleading requirements found in rule 3.853, this type of burden cannot be inferred.” Id.
Here, the postconviction court also attempted to place just such a burden on Thomas to justify the nine-month delay in filing his amended motion. However, as noted in Glenn, neither the rule nor the statute requires Thomas to justify his delay, and neither the postconviction court nor this court should require a defendant to do so.
Because section 925.11 and rule 3.853 do not place any time limits on a defendant’s right to seek postconviction DNA testing, the postconviction court could not legally deny Thomas’s amended motion as untimely. Therefore, we reverse the summary denial and remand for reconsideration of Thomas’s motion on the merits.
*391 Reversed and remanded for further proceedings.
KELLY and KHOUZAM, JJ., Concur.