PER CURIAM.
 

 This is an appeal of an order denying a motion for DNA testing under Florida Rule of Criminal Procedure 3.853. We affirm.
 

 Defendant-appellant Reinaldo Menendez pled guilty to second-degree murder in 2000. In 2008, he filed a motion for DNA testing. The State filed a response, arguing that the defendant was not entitled to DNA testing because he pled guilty. The State relied on
 
 Smith v. State,
 
 854 So.2d 684 (Fla. 2d DCA 2003), which so held. The trial court denied the motion.
 

 In its response in this court, the State acknowledges that this analysis was erroneous. The DNA testing statute was amended in 2006. As amended, the statute allows postconviction DNA testing in cases where a defendant entered a plea of guilty or nolo contendere to a felony prior to July 1, 2006. § 925.11(1)(a)2., Fla. Stat. (2006);
 
 Glenn v. State,
 
 954 So.2d 732, 733 (Fla. 1st DCA 2007). In light of the statutory change, the
 
 Smith
 
 case is no longer good law.
 

 We affirm, however, on a right-for-wrong-reason basis.
 
 See Dade County Sell. Bd. v. Radio Station WQBA,
 
 731 So.2d 638 (Fla.1999). “It is the defendant’s burden to explain, with reference to specific facts about the crime and the items requested to be tested, how the DNA testing will exonerate the defendant of the crime or will mitigate the defendant’s sentence.”
 
 Robinson v. State,
 
 865 So.2d 1259, 1265 (Fla.2004). In this case,
 
 *1068
 
 the murder victim was a prostitute. The Medical Examiner collected various samples from the victim’s body. The defendant maintains that he falsely confessed to the killing. He acknowledges that he paid the victim to have sex, and other witnesses confirmed this. The problem with the DNA motion is that, given the victim’s profession, it would not be unexpected to find DNA from other individuals. Finding such material would not create a reasonable probability that the movant would have been acquitted or would have received a lesser sentence. We therefore affirm the order now before us.
 

 Affirmed.