46 So.3d 1154 (2010)
James McDOLE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D10-2376.
District Court of Appeal of Florida, First District.
November 2, 2010.
James McDole, pro se, Appellant.
Bill McCollum, Attorney General, and Edward C. Hill, Jr., Special Counsel Criminal Appeals, Tallahassee, for Appellee.
PER CURIAM.
After reviewing the state's response to this Court's show cause order, we conclude that the appellant's rule 3.853 motion is facially sufficient. See Fla. R.Crim. P. *1155 3.853; § 925.11(1)(a)2.; (2)(a)1.-6., Fla. Stat. (2009). Thus, the trial court should have reviewed the merits of the appellant's claim and either attached records conclusively refuting his assertions, or held a hearing on the motion. It is of no matter that the appellant entered a plea to the charges. See Glenn v. State, 954 So.2d 732 (Fla. 1st DCA 2007) (stating that the 2006 amendment to section 925.11, which governs post-conviction DNA testing, permits defendants who have pled guilty or nolo contendere to file rule 3.853 motions). We therefore direct the lower court to consider the merits of the instant motion and address its claims.
REVERSED AND REMANDED.
BENTON and ROWE, JJ., concur; THOMAS, J., concurs with opinion.
THOMAS, J., concurring.
I concur, because I agree with the majority opinion that the trial judge erred by holding that because Appellant pled guilty, he is not entitled to DNA testing. As the majority opinion correctly notes, we have recognized that the Legislature has determined that even a defendant who enters a plea is entitled to request DNA testing. § 925.11(1)(a)(2), Fla. Stat.
I note, however, that Appellant has not made an adequate preliminary showing that he is entitled to DNA testing of the evidence collected from this 1971 rape investigation. In Lott v. State, 931 So.2d 807, 821 (Fla.2006), the supreme court explained, "We have repeatedly cautioned that `[r]ule 3.853 is not intended to be a fishing expedition.'" (citing Cole v. State, 895 So.2d 398, 403 (Fla.2004) (quoting Hitchcock v. State, 866 So.2d 23, 27 (Fla. 2004))).
Here, as the State notes, Appellant has made several claims based on his "trial." In fact, the supreme court reversed his conviction based on the trial court's inadequate factual findings relating to Appellant's confession, under the authority of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), and his case was reversed and remanded. McDole v. State, 283 So.2d 553 (Fla.1973). On remand, Appellant pled guilty to the rape charge. As noted, this does not preclude his access to claim additional DNA testing under rule 3.853, Florida Rules of Criminal Procedure, but it is relevant regarding the facts of the underlying charge. Furthermore, under sections 925.11(2)(f)(1)-(3), Florida Statutes, the trial court must ultimately determine, 39 years after the rape occurred, whether evidence subject to DNA testing still exists, whether the evidence has been materially altered and whether it will be admissible at trial, and most importantly, "[w]hether there is a reasonable probability that the ... defendant would have been acquitted or would have received a lesser sentence if the DNA evidence had been admitted at trial." (Emphasis added.)
Here, Appellant's motion speculates that the rape kit from the investigation of the 1971 rape "would have proved that Defendant was not the perpetrator of this crime [and] it would have exonerated the defendant and [led] to the arrest of the real perpetrator." Appellant's motion contains material omissions or misrepresentations because he fails to note that he and a co-defendant both pled guilty to this rape. McDole, 283 So.2d at 553. Thus, if Appellant's DNA is not present, assuming evidence from a 39-year-old case is available and can be subjected to DNA testing, will not prove entitlement to DNA testing under the holding of Lott or section 925.11(2), Florida Statutes, as the DNA could be attributable to Appellant's co-defendant, without exonerating Appellant.
*1156 Thus, I concur in the majority opinion, but note that the trial court may still determine that Appellant is not entitled to DNA testing under his motion and the facts alleged therein.