WALLACE, Judge.
In 1991, Terry T. Rawls pleaded nolo contendere to burglary and sexual battery. He was sentenced to five years in prison for the burglary and to life in prison for the sexual battery. On direct appeal, this court affirmed Mr. Rawls’ judgment and sentences. Rawls v. State, 596 So.2d 1255 (Fla. 2d DCA 1992).
In October 2001, Mr. Rawls filed a motion for postconviction DNA testing. At the time, Mr. Rawls’ nólo contendere plea disqualified him from obtaining the requested relief. See § 925.11(l)(a), Fla. Stat. (2001); Smith v. State, 854 So.2d 684, 685 (Fla. 2d DCA 2003); Stewart v. State, 840 So.2d 438, 438 (Fla. 5th DCA 2003). In March 2002, citing Mr. Rawls’ nolo contendere plea, the postconviction court denied his motion.
In July 2010, Mr. Rawls filed a second motion for postconviction DNA testing. The postconviction court entered an order denying the second motion based on its earlier order. Unfortunately, the postcon-viction court overlooked that the law now allows postconviction DNA testing in cases where a defendant has entered a plea of guilty or nolo contendere to a felony before July 1, 2006. § 925.11(l)(a)(2), Fla. Stat. (2010); McDole v. State, 46 So.3d 1154, 1155 (Fla. 1st DCA 2010); Menendez v. State, 41 So.3d 1066, 1067 (Fla. 3d DCA 2010); Glenn v. State, 954 So.2d 732, 733 (Fla. 1st DCA 2007); Lindsey v. State, 936 So.2d 1213, 1214 (Fla. 5th DCA 2006). Accordingly, Mr. Rawls’ nolo contendere plea is no longer a bar to his motion for postconviction DNA testing. The postcon-viction court erred in relying on its earlier order to deny Mr. Rawls’ motion.
For these reasons, we reverse the post-conviction court’s order denying Mr. Rawls’ motion for postconviction DNA testing and remand for further proceedings.
Reversed and remanded.
DAVIS and VTLLANTI, JJ., Concur.