# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**LARRY B. MERRITT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2459

[May 22, 2024]

Appeal of order denying rule 3.853 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard K. Coates, Jr., Judge; L.T. Case No. 501988CF006586A.

Larry B. Merritt, Crawfordville, pro se.

Ashley Moody, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellee.

### *ON THE STATE'S CONFESSION OF ERROR*

GERBER, J.

The defendant appeals from the circuit court's final order disposing of his Florida Rule of Criminal Procedure 3.853 motion for postconviction DNA testing. The defendant argues the circuit court erred in disposing of his rule 3.853 motion without conducting an evidentiary hearing to resolve factual questions regarding what evidence still exists for DNA testing. The state concedes an evidentiary hearing to resolve those factual questions is warranted. We agree with the state's confession of error and reverse.

In 1989, a jury found the defendant guilty of several crimes, including two counts of sexual battery for which the trial court sentenced the defendant to two consecutive life sentences.

In 2022, the defendant filed a Florida Rule of Criminal Procedure 3.853 motion, seeking DNA testing of: (1) the victim's dress and underwear; (2) the rape examination kit; (3) the defendant's saliva samples; (4) the defendant's blood samples; (5) "[a]ny other bodily fluids taken from [the

defendant] and/or [the] victim"; and (6) the defendant's underwear and pants. As required to allege a facially sufficient rule 3.853 motion, the defendant alleged he was actually innocent and DNA testing of those identified items would exonerate him.

The state filed a response agreeing to DNA testing. The response provided:

> The State has reviewed the defendant's [rule 3.853] motion, and determined that it is facially sufficient. In addition, the State has been in contact with the Palm Beach County Sheriff's Office [("PBSO")], Forensic Biology Unit, and it appears they do have items of evidence from this case in their possession. Such being the case, the State would agree to testing, but will reserve our right to argue whether the results of the testing prove to be exculpatory to the defendant.

The circuit court issued an order finding the defendant's rule 3.853 motion to be facially sufficient. However, the circuit court's order directed initial DNA testing of only the rape examination kit. The order further directed:

> In the event no inclusionary/exculpatory/probative results are obtained from testing the contents of [the rape examination kit], the State shall forward the remaining, potentially probative pieces of physical evidence still in the possession of PBSO (such as items of clothing) in a second submission.

The state later filed a notice summarizing the Florida Department of Law Enforcement's ("FDLE") report documenting the DNA testing which FDLE had conducted. According to the state, the rape examination kit contained only the victim's fingernail scrapings and the defendant's buccal swabs, and "the other items listed in PBSO's 1989 report indicating their inclusion in [the rape examination kit] were not in fact inside the sealed bag." The state noted the DNA testing on the items found in the rape examination kit was complete, and "conclusively shows that the results are not exculpatory." According to the state, the victim's right hand fingernail scrapings did not demonstrate a sufficient amount of DNA for further analysis, and the victim's left hand fingernail scrapings did not allow any DNA results to be obtained.

Based on the testing results, the state requested the circuit court to close the case.

The defendant filed an objection to the state's request to close the case. The defendant argued the circuit court's order had provided that if no exculpatory DNA was discovered from testing the rape examination kit, the state was required to submit for DNA testing the other evidence identified in the defendant's rule 3.853 motion. The defendant added: "There is nothing in the FDLE report to suggest that the items of clothing were ever forwarded by the State to FDLE for DNA testing, nor does the State certify in its request to close the case that such second submission has even been made per the order." The defendant also questioned the number of items missing from the rape examination kit. Based on these arguments, the defendant claimed further investigation was necessary to resolve the factual questions regarding why the other evidence identified in his rule 3.853 motion had not been tested and the chain of custody concerning the items missing from the rape examination kit.

The circuit court, without a hearing, entered a final order summarily overruling the defendant's objection and directing the clerk to close the case, thus effectively disposing of the defendant's rule 3.853 motion.

This appeal followed. The defendant primarily argues the circuit court erred in overruling his objection and closing the case without holding an evidentiary hearing to resolve the factual questions regarding why the other evidence identified in his rule 3.853 motion had not been tested and the chain of custody concerning the items missing from the rape examination kit.

The state concedes the defendant's identified factual questions as to what evidence remains for DNA testing warrants an evidentiary hearing. *See, e.g., Caymitte v. State*, 868 So. 2d 681, 682 (Fla. 4th DCA 2004) (reversing summary denial of defendant's rule 3.853 motion where the motion was legally sufficient and warranted an evidentiary hearing to determine if DNA evidence existed); *Zollman v. State*, 854 So. 2d 775, 776 (Fla. 2d DCA 2003) ("[T]he trial court erred … when it determined, based solely on the State's unsworn response to [the defendant's rule 3.853] motion, that the evidence [which] he seeks to have tested no longer exists. Because the trial court could not properly make such a factual determination without affording [the defendant] the benefit of an evidentiary hearing, we reverse."); *Borland v. State*, 848 So. 2d 1288, 1290 (Fla. 2d DCA 2003) (where the defendant's rule 3.853 motion alleged evidence still existed for DNA testing, and the state filed an unsworn response alleging such evidence did not exist, a factual dispute existed which had to be resolved by an evidentiary hearing).

Applying de novo review, we agree with the state's confession of error. *See Tisdale v. State*, 282 So. 3d 998, 1000 (Fla. 3d DCA 2019) ("The standard of review of a summary denial of a rule 3.850 or 3.853 motion is de novo.") (citation and internal brackets omitted); *see also Warren v. State*, 884 So. 2d 1074, 1074 (Fla. 2d DCA 2004) ("The documents provided by the State to show ... the evidence listed in [the rule 3.853 motion] no longer exists create a factual dispute as to whether the evidence still exists for testing. These documents cannot be relied on to support the summary denial of a facially sufficient rule 3.853 motion ....").

Based on the foregoing, we reverse the circuit court's final order overruling the defendant's objection and closing the case. We remand for the circuit court to hold an evidentiary hearing to resolve the factual questions regarding why the other evidence identified in the defendant's rule 3.853 motion had not been tested and the chain of custody concerning the items missing from the rape examination kit.

*Reversed and remanded with directions.*

CONNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***