DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

JACQUEAVEION DAVIS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2025-1081
_____

October 15, 2025

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Pinellas County; Pat Siracusa, Judge.

Jacqueaveion Davis, pro se.


ROTHSTEIN-YOUAKIM, Judge.

Jacqueaveion Davis appeals the summary denial of his motion under Florida Rule of Criminal Procedure 3.853 for postconviction DNA testing. Davis entered a guilty plea in his felony case in 2023. He thereafter filed a rule 3.853 motion seeking DNA testing of evidence.

The postconviction court summarily denied the motion, addressing the merits of Davis's claim. Instead, however, the court should have dismissed the motion because section 925.11(1)(a)1, Florida Statutes (2020), does not authorize postconviction DNA testing for defendants who have pled guilty or nolo contendere to felony offenses. *Cf. Smith v. State*, 854 So. 2d 684, 685 (Fla. 2d DCA 2003) (concluding, based on nearly

identical language in a previous version of the statute, that "[a] defendant who enters a plea of guilty or nolo contendere may not seek postconviction DNA testing based on the language of the statute").[1] Accordingly, we reverse and remand for the postconviction court to vacate its order denying relief and to instead enter an order dismissing Davis's motion as unauthorized.

Reversed and remanded with instructions.

NORTHCUTT and KHOUZAM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

_____

[1] After *Smith,* the statute was amended to provide a limited exception for defendants who entered a guilty or nolo contendere plea to a felony before July 1, 2006, *see* § 925.11(1)(a)2, but the language that ultimately became section (1)(a)1 remained unchanged in pertinent part, and that exception plainly does not apply here.