970 So.2d 884 (2007)
Russell Arbin ROGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-382.
District Court of Appeal of Florida, Second District.
December 19, 2007.
Russell Arbin Rogers, pro se.
Bill McCollum, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Russell Arbin Rogers appeals the order striking his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 in case number CF01-8234 and striking claim one of his rule 3.850 motion filed in case number CF01-08027. *885 We reverse the order and remand for further proceedings.
In November 2001, Rogers committed a series of robberies. Evidence seized as a result of a traffic stop led to his eventual arrest, after which Rogers confessed. Rogers was convicted of the robberies in three separate cases. Rogers filed rule 3.850 motions in each case alleging various claims of ineffective assistance of counsel. The first motion was filed in case number CF01-8028. In it Rogers asserted, among other things, that counsel was ineffective for failing to file a motion to suppress his confession. After an evidentiary hearing, the postconviction court rejected Rogers' claim finding that it was refuted by the record. The court stated that the transcript of Rogers' plea hearing indicated that Rogers' attorney had filed a motion to suppress the confession, the motion was scheduled to be heard the morning Rogers entered his plea, and Rogers knew that by entering a plea he was giving up his right to a hearing on the motion. Rogers appealed the denial of his motion, and this court affirmed. See Rogers v. State, 940 So.2d 433 (Fla. 2d DCA 2006) (table decision).
Rogers also filed a rule 3.850 motion in case number CF01-8027. In that motion he asserted that counsel in that case was ineffective for failing to file a motion to suppress his confession. After getting a response from the State, the postconviction court ordered an evidentiary hearing. Before the evidentiary hearing, the State filed a "Request To Take Judicial Notice And Motion To Strike Claim I of Defendant's Motion For Post Conviction Relief." The State asked the court to take judicial notice of all three of Rogers' cases and argued that Rogers' claim regarding trial counsel's failure to move to suppress his confession had been previously raised and denied in case number CF01-8028. Thus, according to the State, Rogers' claim was successive and he was collaterally estopped from raising the issue. At the hearing on the motion, the State expanded its argument contending that the court should strike as successive the rule 3.850 motion Rogers filed in case number CF01-8234. The postconviction court agreed and granted the State's motion. This was error.
Rogers' motions were not successive. As used in rule 3.850, a second or successive motion "has . . . been interpreted to mean a motion stating substantially the same grounds as a previous motion attacking the same conviction or sentence under the Rule." McCrae v. State, 437 So.2d 1388, 1390 (Fla.1983). Because Rogers' motions in case numbers CF01-8027 and CF01-8234 attacked different convictions than did his motion in case number CF01-8028, they were not successive.
Nor did the doctrine of collateral estoppel preclude Rogers from raising the issue of counsel's failure to move to suppress his confession. Collateral estoppel "`bars relitigation of the same issues between the same parties in connection with a different cause of action.'" Cook v. State, 921 So.2d 631, 634 (Fla. 2d DCA 2005) (quoting Topps v. State, 865 So.2d 1253, 1255 (Fla.2004)), review denied, 936 So.2d 565 (Fla.2006). For the doctrine of collateral estoppel to apply to bar relitigation of an issue, the identical issue must have been actually litigated in the prior proceeding. Id. The record indicates that in case number CF01-8028, Rogers entered a plea and acknowledged during the plea colloquy that he was giving up his right to a hearing on the motion to suppress. This refuted Rogers' factual assertion that counsel had not moved to suppress his confession. Thus, the legal issue of whether counsel's performance was deficient for failing to move to suppress Rogers' confession was never actually litigated *886 in case number CF01-8028. Accordingly, Rogers was not collaterally estopped from raising this issue in case number CF01-8027.
Because the trial court mistakenly concluded that Rogers' claims were either successive or were barred by the doctrine of collateral estoppel, we reverse the trial court's order granting the State's motion to strike. On remand, the trial court is directed to continue in accordance with the "Order to Show Cause" entered on January 25, 2005, in case number CF01-8027 and "Order on the Defendant's Motion for Postconviction Relief" entered on April 6, 2005, in case number CF01-8234. We express no opinion regarding the propriety of the trial court's prior rulings on any of Rogers' claims and will address those issues if Rogers chooses to appeal from any final order subsequently entered in those cases.
Reversed and remanded.
LaROSE, J., and DAKAN, STEPHEN L., Associate Senior Judge, concur.