PER CURIAM.
This case is before the Court on appeal from an order denying a motion for DNA testing under Florida Rule of Criminal Procedure 3.853. Because the order concerns postconviction relief from a capital conviction for which a sentence of death was imposed, this Court has jurisdiction of the appeal under article V, section 3(b)(1), Florida Constitution.
Proceedings to Date
The facts of this case have been set out in our previous opinions in Consalvo v. State, 697 So.2d 805 (Fla.1996), and Consalvo v. State, 937 So.2d 555 (Fla.2006). We have previously characterized the proof of Consalvo’s guilt as “overwhelming.” See, e.g., Consalvo, 697 So.2d at 816.
On September 13, 2001, prior to the enactment of section 925.11, Florida Statutes (2008), and Florida Rule of Criminal Procedure 3.853, prescribing procedures and conditions for securing DNA testing in criminal cases, Consalvo filed a motion to release crime scene evidence to conduct expert lab and DNA testing. On March 7, 2002, the trial court issued an order granting Consalvo leave to test evidence “with the provision that all evidence must be analyzed and tested under controlled conditions as established by the Broward Sheriffs laboratory; and provided that any testing be conducted with representatives of the State and of the Defendant present.” [1] The BSO lab issued its report on January 13, 2004. The lab reported “possible hairs lacking a root ... are not suitable for STR (DNA) testing, but may be suitable for mitochondrial DNA examination. This laboratory does not do mitochondrial DNA analysis.”
Subsequently, Consalvo filed a second motion to release crime scene evidence to conduct mitochondrial DNA testing. Thereafter, on October 18, 2007, the trial court issued its order denying Consalvo’s motion to release crime scene evidence for mtDNA testing, stating the motion “does not satisfy the pleading requirements of rule 3.853 in that it is not under oath, nor does the motion demonstrate how the DNA testing will exonerate defendant or mitigate his sentence.” Consalvo appeals this order, alleging that the requirements of rule 3.853 should not apply to his second motion.
ANALYSIS
This issue involves a pure question of law and thus is subject to de novo review. See State v. Glatzmayer, 789 So.2d 297, 301 n. 7 (Fla.2001) (“If the ruling consists of a pure question of law, the ruling is subject to de novo review.”). We reject *1016 Consalvo’s claim that because his first motion was filed before enactment of the rule, his later motion should be exempted from the rule’s requirements. We agree with the trial court that, on its face, Consalvo’s motion is insufficiently pleaded under rule 3.853. Further, we do not find persuasive Consalvo’s argument that rule 3.853 should not apply to his motion although the motion was filed and considered well after the enactment of section 925.11 and the rule. While we agree that the standards for granting DNA testing vested broader discretion in the trial court prior to the enactment of the statute and rule, we have consistently upheld application of the statute and rule to motions decided after their enactment.
Further, since the inception of rule 3.853, “[c]ases addressing this issue have uniformly held that DNA testing will not be permitted if the requested DNA testing would shed no light on the defendant’s guilt or innocence.” Huffman v. State, 837 So.2d 1147, 1149 (Fla. 2d DCA 2003) (quoting Zollman v. State, 820 So.2d 1059, 1063 (Fla. 2d DCA 2002)). As in Galloway v. State, 802 So.2d 1173 (Fla. 1st DCA 2001), and in the face of a record demonstrating “overwhelming” evidence of his guilt, Con-salvo has not even attempted to demonstrate how further testing would exonerate him.
Rule 3.853 delineates the procedures for obtaining DNA testing under section 925.11, and states that a petition for postconviction DNA testing must include, among other things, “a statement that the movant is innocent and how the DNA testing requested by the motion will exonerate the movant of the crime for which the movant was sentenced, or a statement how the DNA testing will mitigate the sentence received by the movant for that crime.” Fla. R.Crim. P. 3.853(b)(3). We have previously explained that “[r]ule 3.853 is not intended to be a fishing expedition.” Hitchcock v. State, 866 So.2d 23, 27 (Fla.2004). Rather, “[i]t is the defendant’s burden to explain, with reference to specific facts about the crime and the items requested to be tested, how the DNA testing will exonerate the defendant of the crime or will mitigate the defendant’s sentence.” Robinson v. State, 865 So.2d 1259, 1265 (Fla.2004) (citing Hitchcock, 866 So.2d 23). Additionally, the defendant’s burden is to show a demonstrable “nexus between the potential results of DNA testing on each piece of evidence and the issues in the case.” Hitchcock, 866 So.2d at 27.
The trial court concluded that Con-salvo’s motion did not meet the requirements of rule 3.853, but additionally found, “[E]even if this Court were to find that the motion did satisfy the requirement of rule 3.853,defendant has failed to show a reasonable probability that he would have been acquitted or would have received a lesser sentence if the DNA evidence had been admitted at trial.” We find no error in the trial court’s conclusions.
Accordingly, for the foregoing reasons, we find the trial court properly denied Consalvo’s motion and we affirm that order.
It is so ordered.
QUINCE, C.J., WELLS, PARIENTE, LEWIS, CANADY, and POLSTON, JJ., and ANSTEAD, Senior Justice, concur.

. On January 9, 2003, the trial court amended its order removing the witness requirement and requiring Consalvo to provide an oral buccal swab and for the Broward Sheriff's Office (BSO) lab to conduct the testing.