DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**HECTOR ROSA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1496

[August 27, 2014]

Appeal of order denying rule 3.853 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Stephen A. Rapp, Judge; L.T. Case No. 50-1998-CF-13522-AXXXMB.

Hector Rosa, Mayo, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm the trial court's order which summarily denied appellant's Florida Rule of Criminal Procedure 3.853 motion for DNA testing.

We disagree with the State's position that the motion was barred as successive. Appellant filed a prior motion for DNA testing of different items which was denied and affirmed by this Court on appeal. *Rosa v. State*, 881 So. 2d 1125 (Fla. 4th DCA 2004). "[A]ppellant sought different relief . . . and did not raise 'substantially the same ground' as previously raised." *Ochala v. State*, 93 So. 3d 1167, 1169 (Fla. 1st DCA 2012).

Rule 3.853(c)(2) provides: "The court shall review the motion and deny it if it is facially insufficient." The trial court provided no explanation for its denial in this case. The better practice is for the trial court to explain the basis for denial in its order. *See Anderson v. State*, 627 So. 2d 1170 (Fla. 1993); *Terry v. State*, 970 So. 2d 863 (Fla. 4th DCA 2007); *Dieudonne v. State*, 958 So. 2d 516 (Fla. 4th DCA 2007). Without an explanation, the movant may not have a meaningful opportunity to cure the deficiency.

"Ordinarily, a facially insufficient rule 3.853 motion should be dismissed or denied without prejudice to the refiling of a facially sufficient motion." *Bain v. State*, 963 So. 2d 913, 914 (Fla. 2d DCA 2007). The State acknowledges that typically our affirmance of a denial like this would be without prejudice to the refiling of a facially sufficient motion. *See, e.g.*, *Harvey v. State*, 925 So. 2d 1111 (Fla. 2d DCA 2006); *Lemay v. State*, 921 So. 2d 853 (Fla. 2d DCA 2006).

We agree that the motion was facially insufficient because it did not assert that identity was a genuinely disputed issue in this case. Fla. R. Crim. P. 3.853(b)(4). Appellant's motion alleged that none of his DNA would be found in the victim's sexual assault kit. He does not explain how, under the circumstances of this case, this would exonerate him or mitigate the sentence that he received.

Our affirmance is without prejudice to appellant filing a facially sufficient motion but only if he can do so in good faith. *See Oquendo v. State*, 2 So. 3d 1001, 1005 (Fla. 4th DCA 2008) (citing *Spera v. State*, 971 So. 2d 754, 762 (Fla. 2007)). We caution appellant, and all postconviction movants, that sanctions may be imposed for false, frivolous, or bad faith filing. *Oquendo*, 2 So. 3d at 1006-07.

*Affirmed.*

DAMOORGIAN, C.J., LEVINE and CONNER, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**