DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RUSSELL G. DEPASQUALE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1487

[November 7, 2018]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ilona Maxine Holmes, Judge; L.T. Case No. 08-16792CF10A.

Russell DePasquale, Raiford, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell Egber, Assistant Attorney General, West Palm Beach, for appellee.

**CONCESSION OF ERROR**

PER CURIAM.

Russell DePasquale appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. We conclude that the trial court erred in denying the motion as successive and untimely. We therefore reverse and remand for the court to consider the motion on its merits.

DePasquale was charged in this case with trafficking in oxycodone while he was on probation in three other cases for possession of cocaine. The court found that he violated probation by committing the new offense and sentenced him to three consecutive terms of five years in prison. DePasquale filed a rule 3.850 motion in August 2012 that was denied following an evidentiary hearing.

In November 2014, DePasquale entered a negotiated plea to the trafficking charge and was sentenced to eight years in prison. He did not appeal. On November 1, 2016, he filed a rule 3.850 motion arguing that counsel misadvised him to enter the plea. He amended the motion in

January 2018. The trial court denied the motion as untimely and successive to the August 2012 motion. This appeal followed.

The trial court erred in denying the motion as successive. The motion filed in this case cannot be deemed successive to the motion filed in the VOP cases because DePasquale is challenging a different conviction and sentence. *See Rogers v. State*, 970 So. 2d 884, 885 (Fla. 2d DCA 2007). Also, DePasquale could not have raised his challenge to the November 2014 plea in his first motion because that motion was filed more than two years before the plea was entered.

The trial court also erred in denying the motion as untimely. Because DePasquale did not file a direct appeal, the judgment and sentence became final in December 2014, after the time for filing a notice of appeal expired. *See Rincon v. State*, 996 So. 2d 922, 923 (Fla. 4th DCA 2008). DePasquale timely filed his rule 3.850 motion less than two years later, on November 1, 2016. *See* Fla. R. Crim. P. 3.850(b). He was free to amend the motion in January 2018 because he did not allege any new claims and the court had not taken any action on the motion. *See* Fla. R. Crim. P. 3.850(e).

Accordingly, we reverse the denial of DePasquale's rule 3.850 motion as successive and untimely and remand for the trial court to consider the January 2018 amended motion on its merits.

*Reversed and remanded.*

DAMOORGIAN, KLINGENSMITH and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2